# City of Louisville v. Belknap Hardware & Manufacturing Company.

(Decided November 3, 1911.)

Appeal from Jefferson Circuit Court
(First Chancery Branch.)

Apportionment Warrant—Paying by Mistake—Voluntary Payment—
Cannot Recover in Action Against City—Reason of Rule.—One
who voluntarily paid an apportionment warrant which he was not
entitled to pay cannot recover the amount so paid in an action
against the city, the reason of the rule being that the city makes
other contracts and assumes other obligations on the idea that
these matters are all settled, and sound policy requires that the
loss should fall on the taxpayer who has acquiesced in the assess-
ment and voluntarily paid the money rather than litigate the right.
This case was concluded by Brand v. City of Louisville, 111 Ky. 56.

CLAYTON B. BLAKEY for appellant.

LAFON ALLEN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellee, through Thomas Bohannon, a real estate
agent, sold to D. L. Meriwether, at the price of $3,500,
certain real estate situated on 17th street, in the city of
Louisville. The writing evidencing the contract of sale
provided that a good title to the property should be con-
veyed the purchaser by the vendor free from all incum-
brances. Appellee executed a deed of general warranty
conveying the real estate to Meriwether, which its agent,
Bohannon, delivered to the Louisville Title Company,
whose guaranty of the title was necessary to Meriweth-
er's acceptance of the deed. The title company was also
charged with the duty of paying to the grantor for Mer-
iwether the purchase money and in doing so to see that
all taxes, and liens upon the property were discharged.

Before the execution of the deed the Louisville Title
Company wrote a letter to appellee's agent, Bohannon,
in which it advised him that "1908 taxes, city, state and
county, are a lien against all of the property under ex-
amination. There are two unreleased apportionment
warrants for $391.40, each, in favor of L. R. Figg, as-
signed to First National Bank, against Belknap Hard-
ware Co. Subsequently, by a letter of May 4th, 1908,
the Louisville Title Company advised Lafon Allen, ap-

pellee's attorney, by whom the deed was to be prepared, that Meriwether would be ready on Wednesday following, "to comply with his contract of purchase from the Belknap Hardware and Manufacturing Company." On the day thus indicated, appellee's agent, Bohannon, met Meriwether at the office of the Louisville Title Company for the purpose of delivering the deed to that company for Meriwether; and the Louisville Title Company by his (Bohannon's) direction paid the apportionment warwants against the property, amounting to $814.13, retained for Bohannon his commissions on the sale amounting to $122.50, and the next day sent a check to appellee for the balance of the purchase money. Some time after this consummation of the sale of the real estate appellee claimed to have made the discovery that one of the apportionment warrants amounting to $391.41, was illegally assessed and paid, and the appellant city having refused, upon its demand, to repay it the amount thereof, it brought this action against the city, Figg, and the Louisville Title Company to recover same.

The warrant in question was against a part of one of the lots conveyed by appellee to Meriwether, and was assessed against and apportioned to the property by the city's board of public works as a part of the cost of improving 17th street under an ordinance of the city. The circuit court held the warrant invalid upon the ground that the property was shown by the evidence to be of less value than the amount of the apportionment warrant, and gave appellee judgment against the city for the amount it had paid in satisfaction thereof.

In our opinion the court erred in the judgment thus rendered, as the case, so far as the city is concerned, is one in which the warrant had been voluntarily paid by or for the appellee, and this being true, its recovery thereof was forbidden by reason of the principal announced by us in Brand v. City of Louisville, 111 Ky., 56.

In that case the appellant had by mistake erroneously paid to the contractor, for constructing a street, money which the city of Louisville should have paid, just as in this case appellee claims to have paid by mistake the apportionment warrant for which the city was alone liable. Therefore, the two cases are identical. In the opinion of the Brand case it is said:

"In Underwood v. Brockman, 34 Ky., 318, Ray v. Bank, 42 Ky., 514, and a number of subsequent cases it

has been held, that where money is paid under a clear mistake of law or fact, which in equity and good conscience should not be retained by the party receiving it, a recovery may be had. * * * But, while this rule has been consistently maintained by the court, it has not been applied to taxes or public dues which have been voluntarily paid where they were only collectible by action. * * * There is great force in the argument that in equity the city should be held liable to the property owner for the amount paid by him to the contractor on the order of the city by mistake, in ignorance of his rights, when the amount so paid was purely the debt of the city. But the court is of opinion that the reasons of public policy which sustain the cases above cited apply with equal force to the case before us. * * * If a recovery can be had in this case, then one may be had in every case where the burden is wrongfully apportioned, although the assessment has been voluntarily paid. Such a rule would involve the city government in inextricable confusion. The council could not know what liabilities might not be anticipated, or what taxes should be levied. Under the Constitution the levy of taxes must specify the purpose for which a tax is to be used, and a tax levied for one purpose cannot be applied to another. The reason for the rule denying a recovery of taxes voluntarily paid, is, after all, the security and efficiency of the city government; and every reason which forbids the recovery of municipal taxes that have been voluntarily paid seem to us to apply with equal force to assessments for municipal improvements. The city is required to make the apportionment. If an error is made it is the duty of the property owner, no less than the city officials, to detect and correct it. If, instead of doing this, he voluntarily pays the assessment, and the city makes other contracts and assumes other obligations on the idea that these matters are all settled, it seems to us that sound policy requires the loss to fall on the taxpayer who has acquiesced in the assessment and voluntarily paid the money rather than litigate the right.''

In the more recent case of the City of Louisville v. Becker, 139 Ky. 17, the above doctrine was applied to prevent the recovery of taxes from the city which had been voluntarily paid, though under a mistake of both law and fact.

It will be observed from a reading of the opinions in

the cases, supra, that the doctrine in question applies whether the payment of the tax or apportionment warrant be made through a mistake of law or fact, therefore, the cases in other jurisdictions relied on by counsel for appellee as permitting a recovery in a case of this kind, where the money was paid under a mistake of fact, do not apply. Appellee should have litigated with the city the question of the liability of its property for the warrant, before paying it. Manifestly the cases supra—especially that of Brand v. City of Louisville—are conclusive of the case at bar, and further elaboration of our views could not make our meaning plainer.

In view of the conclusion we have expressed it will be unnecessary for us to determine whether or not the amount of the apportionment warrant exceeded the value of the property or was deducted from the purchase price by the Louisville Title Company by appellee's authority. We also deem it unnecessary for us to express an opinion as to the matters in issue between appellee, the Louisville Title Company and Figg, involved in the appeal prosecuted by the latter, as we gather from the briefs of counsel that the parties mentioned have agreed among themselves upon a settlement thereof.

For the reasons indicated the judgment is reversed, with directions to the circuit court to dismiss the action as to the appellant City of Louisville.