THE PEOPLE ex rel. Joseph Molchan, Appellee, vs. THE CITY COUNCIL OF THE CITY OF STREATOR et al. Appellants.

*Opinion filed April 19, 1913.*

1. MANDAMUS—*writ of mandamus will not be awarded except in a clear case.* One petitioning for a writ of *mandamus* must show a clear and undoubted right to the relief demanded, and the writ will not be awarded except in a clear case.

2. SAME—*writ will not be awarded to compel the doing of a useless thing.* The writ of *mandamus* will not be issued to compel the doing of a useless thing or where it would prove unavailing, fruitless or nugatory.

3. SAME—*writ cannot be awarded to compel city to grant dram-shop license for an expired quarter.* A writ of *mandamus* cannot be issued to compel a city to grant a dram-shop license for a municipal quarter which has expired, and it is of no consequence that the granting of the writ may be beneficial to the petitioner in fixing his status as to a future license.

4. SAME—*writ cannot issue to determine an abstract constitutional question.* A party has no standing to require a court, by a writ of *mandamus,* to determine the constitutionality of a statute or the validity of an ordinance as an abstract question of law.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

LLOYD PAINTER, for appellants.

MAX MURDOCK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a petition for *mandamus* filed October 19, 1912, in the circuit court of LaSalle county, asking that the relator be licensed to keep a dram-shop in the city of Streator. A demurrer to the petition was sustained and an amended petition filed November 11, 1912. A demurrer to this latter petition was overruled and the writ ordered issued. The trial judge certified that the validity of a municipal ordi-

258 – 18

nance was involved and that in his opinion the public interests required that the cause be taken directly to this court.

The relator in his amended petition set up his application and the petition of property owners requesting that he be granted a license to keep a dram-shop for the municipal quarter ending October 31, 1912. The ordinance, the validity of which is here questioned, provided, among other things, that no additional dram-shop licenses should be issued within a given territory. This petition seeks to have an additional license granted within said limited territory.

The first question presented by appellants is that the court erred in ordering that the writ issue, as the petition sought to obtain a license for the municipal quarter ending October 31, 1912, and the order was entered December 3, 1912, more than a month after the expiration of said municipal quarter. The rule has long been recognized in this court that the writ of *mandamus* will not be issued in any case where it will prove unavailing, fruitless or nugatory; that the court will not compel the doing of a vain and useless thing. (*People* v. *Hatch,* 33 Ill. 9; *Cristman* v. *Pech,* 90 id. 150; *Gormley* v. *Day,* 114 id. 185; *People* v. *Jeffers,* 186 id. 631; 19 Am. & Eng. Ency. of Law,—2d ed.—756, and cases cited; Spelling on Ex. Remedies,—2d ed.—sec. 1377; High on Ex. Legal Remedies,—2d ed.—sec. 10; 26 Cyc. 147, and cases cited.) The writ cannot be made effective to compel the city to grant a license for a period which has expired. The argument of appellee that the granting of the writ would be beneficial to him to fix his status as to a license in the future is without force. There is no obligation on appellee's part to renew his application or his bond, and this court cannot assume that he will renew them or that they would necessarily conform to the requirements of the ordinance if renewed. A relator, by his petition, is required to show a clear and undoubted right to the relief demanded. The writ will not be awarded except in a clear case. (*People* v. *Lieb,* 85 Ill. 484; *North*

v. *University of Illinois,* 137 id. 296; *People* v. *Rose,* 219 id. 46; *Kenneally* v. *City of Chicago,* 220 id. 485.) This court has held that a person has no standing to ask the courts, by a writ of *mandamus,* to determine the constitutionality of a statute as a mere abstract question of law. (*People* v. *Olsen,* 215 Ill. 620.) Manifestly, from the certificate of the trial judge and the arguments, the main question presented to us for decision is the validity of the ordinance in question. The relator, under a petition asking to have a dram-shop license issued to him for a period which has expired, has no possible pecuniary interest in the decision as to such validity. The fact that under the provisions of said ordinance the petition of the property owner need not be renewed each quarter does not change the situation.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to sustain the demurrer and dismiss the petition.

*Reversed and remanded, with directions.*