Argued June 1, affirmed June 16, rehearing denied July 14, 1914.

# SHEROD v. AITCHISON.

(142 Pac. 351.)

**Injunction—Subjects of Relief—Criminal Prosecutions.**

1. The threatened prosecution of a criminal action will not usually be enjoined, under Section 389, L. O. L., authorizing suits in equity where there is not a plain, adequate and complete remedy at law.

   [As to injunctions against crimes and criminal prosecutions, see note in 35 Am. St. Rep. 670.]

**Injunction—Subjects of Relief—Criminal Prosecution.**

2. The mere invalidity of a statute or ordinance is not sufficient to authorize an injunction against a prosecution thereunder, since such invalidity may be interposed as a complete defense to the prosecution.

   [As to injunction against enforcement of void ordinance, see note in 118 Am. St. Rep. 372.]

**Injunction—Subjects of Relief—Criminal Prosecution.**

3. Where an attempted enforcement of an invalid ordinance or statute would do irreparable injury to property rights, a court of equity may restrain the maintenance of the criminal actions.

**Action—Grounds—Existence of Actual Controversy.**

4. A case in which a party asks to have determined an abstract question which does not arise on existing facts, or involve conflicting

rights so far as he is concerned, presents a moot inquiry, which will not be considered.

**Injunction—Right to Relief—Criminal Prosecution.**

5. In an action to enjoin a prosecution for carrying on business without a license in violation of Laws of 1913, page 143, providing that no person shall sell or receive or solicit consignments of farm, dairy, orchard, or garden produce for sale upon commission, where the complaint does not deny that plaintiff is engaged in such business, it is insufficient to authorize equitable interference.

From Multnomah: THOMAS J. CLEETON, Judge.

In Banc.    Statement by MR. JUSTICE MOORE.

This is a suit by J. G. Sherod and others against Clyde B. Aitchison and others, to enjoin threatened prosecution of criminal actions, and is based on the ground that the enforcement of an alleged void statute would injuriously affect the plaintiffs' property rights. The complaint charges, in effect, that the several plaintiffs, either as a person, firm or corporation, has invested sums of money in securing and maintaining at Portland, Oregon, a place of business, and is engaged as a dealer in farm, dairy, orchard and garden produce; that the principal business of each is the purchase and sale of such commodities on his, their, or its own account, and not for any shipper or consignor; that the defendants, Clyde B. Aitchison, Frank J. Miller and Thomas J. Campbell, compose the Railroad Commission of Oregon, and as such claim the right, under Chapter 88 of the General Laws of Oregon of 1913, to demand from each plaintiff a sum of money for a license to engage in such business, and the execution of a bond as security for the faithful performance of the conditions of the statute, and in default thereof to cause the individual, who for himself, or as a partner, or a member of a corporation conducting such purchases and sales, to be arrested and fined; that these defendants have directed the defendant Walter H.

Evans, the district attorney of Multnomah County, Oregon, to institute criminal actions against the plaintiffs for that neither has complied with the requirements of that enactment, and criminal complaints are about to be filed against them; that the defendant T. M. Word is sheriff of that county, E. A. Slover is the chief of police of that city, and A. Weinberger is the constable of Portland district; that the statute referred to is void, in that it contravenes certain provisions of the organic law of Oregon and of the Constitution of the United States, setting forth the particulars with respect to each; that unless the defendants are enjoined from enforcing the provisions of this act, the plaintiffs will suffer irreparable loss and injury, to redress which they are without any plain, adequate or complete remedy at law.

A demurrer to the complaint on the ground *inter alia* that it did not state facts sufficient to authorize equitable interference was sustained, and, the plaintiffs declining further to plead, the suit was dismissed, and they appeal.    AFFIRMED.    REHEARING DENIED.

For appellants there was a brief over the name of *Messrs. Reed & Bell,* with an oral argument by *Mr. C. A. Bell.*

For respondents there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. Joseph A. Benjamin,* Second Assistant Attorney General, and *Mr. Walter H. Evans,* District Attorney, with oral arguments by *Mr. Crawford* and *Mr. Benjamin.*

MR. JUSTICE MOORE delivered the opinion of the court.

It will be assumed that the complaint alleges such an injury to property rights as will authorize the inter-

vention of equity to enjoin the maintenance of criminal
actions, if it be conceded that the averments of the
primary pleading bring the case within the rule which
permits a party to challenge a statute or an ordinance
on the ground that it is void.

1. Where a party has a plain, adequate and complete
remedy at law for the enforcement or protection of a
a private right or the prevention of or redress for an
injury thereto, a court of equity will not intervene,
and hence the threatened prosecution of a criminal
action will not usually be enjoined.: Section 389, L. O. L.

2. The mere alleged invalidity of a statute or an
ordinance is not a statement of facts sufficient to au-
thorize equitable intervention, since such void enact-
ments may be interposed as and constitute complete
defenses to the prosecution of criminal actions, and
for that reason they are available in a court of law:
*Thompson* v. *Tucker,* 15 Okl. 486 (83 Pac. 413, 6
Ann. Cas. 1012, and notes).

3. One of the exceptions to this general rule is where
an attempted enforcement of an invalid ordinance or
statute would result in irreparable injury to property
rights, in which case a court of equity may restrain
the maintenance of criminal actions: *New Orleans
Baseball & Amusement Co.* v. *City of New Orleans,*
118 La. 228 (42 South. 784, 118 Am. St. Rep. 366, 10
Ann. Cas. 757, 7 L. R. A. (N. S.) 1014). To the same
effect, see, also, the notes to *Telegraph Co.* v. *Powers,*
1 Ann. Cas. 119; *Sullivan* v. *San Francisco Gas & Elec-
tric Co.,* 7 Ann. Cas. 574. This departure from the
ordinary precept has been recognized and followed in
Oregon: *Sandys* v. *Williams,* 46 Or. 327, 336 (80 Pac.
642); *Hall* v. *Dunn,* 52 Or. 475, 481 (97 Pac. 811, 25
L. R. A. (N. S.) 193); *Portland Fish Co.* v. *Benson,*

71 Or.—29

56 Or. 147, 155  (108 Pac. 122); *Spaulding* v. *McNary,*
64 Or. 491, 497  (130 Pac. 391, 1128).

4. A case in which a party seeks to have determined
in a judicial proceeding an abstract question which
does not arise upon existing facts or involve conflicting
rights, so far as he is concerned, presents a moot in-
quiry which will not be considered.   An action, in order
to be *bona fide,* must present an actual controversy,
having adverse interests, and be instituted and main-
·tained to redress the grievance of the plaintiff and
not to affect third persons: *Ward* v. *Alsup,* 100 Tenn.
619  (46 S. W. 573).

5. Under the decisions of this court, to entitle a party
to invoke equitable intervention to restrain the en-
forcement of an alleged void penal statute, on the
ground that it would injuriously affect his property
rights, he must allege in his complaint that the busi-
ness in which he is engaged is clearly interdicted by
the provisions of the enactment, or he may aver that,
although the law has no application to his business,
yet he is threatened with its attempted enforcement
by a criminal action, in which latter case his complaint
must, in the description of such business, traverse each
specification of the statute or ordinance that is condi-
tionally or ultimately prohibited.

Section 1 of the statute in question reads:

"For the purposes of this act a commission merchant
is defined to be a person, firm or corporation whose
principal business is the sale of farm, dairy, orchard
or garden produce on account of the shipper or con-
signor, or solicit consignments of any character.   No
person shall sell or receive or solicit consignments, of
such commodities for sale, on commission without first
obtaining a license from the State Railroad Commis-
sion to carry on the business of a commission mer-
chant and executing and filing with the Secretary of

State a bond to the state for the benefit of his consignors; the amount of the bond to be fixed and sureties to be approved by the commission, who may increase or reduce the amount of the bond from time to time."

The complaint herein traverses the several classes of businesses enumerated in the part of the statute quoted, except the receiving or soliciting of consignments of any farm, dairy, orchard or garden produce for sale upon commission.

This specification is by the statute made a prohibited class of business, separate and distinct from the sale of such commodities; and, not having been denied in the complaint, the facts stated therein are insufficient to authorize equitable interference. Such being the case, no error was committed in sustaining the demurrer. The decree should therefore be affirmed, and it is so ordered.                                               AFFIRMED.