(87 South. 234)

Nos. 24337, 24338.

**HOLLANDER v. BAILEY, Secretary of State.**

**MORAN v. SAME.**

(Jan. 3, 1921. Rehearing Denied Jan. 31, 1921.)

*(Syllabus by Editorial Staff.)*

Appeal and error ⊗⇒781(4) — Appeal in proceeding to compel printing of name on ballot dismissed as moot.

Where the appeal in a mandamus proceeding to compel the secretary of state to print plaintiff's name on the official ballot for an election as candidate for a certain office could not be heard after the transcript was filed until after the election, the questions involved became moot, and the appeal will be dismissed.

Appeal from Twenty-Second District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Mandamus proceedings by Henry O. Hollander and Thomas G. Moran against James J. Bailey, Secretary of State. From judgments for defendant, plaintiffs appeal. Appeal dismissed.

B. B. Howard and Paul C. Lassalle, both of New Orleans, for appellants.

A. V. Coco, Atty. Gen., and Paul A. Sompayrac, special counsel, of New Orleans, for appellee.

O'NIELL, J. Plaintiff appeals from a judgment rejecting his demand for a writ of mandamus to compel the secretary of state to have his name printed on the official ballot, as a candidate for the office of judge of the First recorder's court [1] for the city of New Orleans. The secretary of state refused to have the name of any candidate for that office printed on the official ballot, because section 21 of the charter of the city of New Orleans (Act 159 of 1912, p. 270, as amended by Act 122 of 1914, p. 234) provides that the judges of the recorders' courts shall be elected or chosen by the commission council. Plaintiff's suit is founded upon his contention that the provision of the city charter that the judges of the recorders' courts shall be elected or chosen by the commission council violates certain provisions of the Constitution, particularly article 319, which declares that the electors shall have the right to choose the public officers who are charged with the exercise of the police power and with the administration of the affairs of the city, in whole or in part.

The question thus presented would be an interesting and important one were it not for the fact that it is only a moot question, as presented in this case. The election for which the ballots were printed was held on Tuesday, the 2d day of November, 1920. Plaintiff's petition was filed in the district court on the 7th of October, 1920. The an-

---

[1] The opinion in case No. 24337 is an exact duplicate of the opinion here published, except that the office described is "office of judge of the Second recorder's court," etc.

swer was filed, the case tried, and judgment rendered rejecting plaintiff's demand, and an appeal was granted, all on the 13th of October, 1920. The judgment was signed on the 20th of October, 1920. The transcript of appeal was filed in this court on Friday, the 29th of October, 1920. Of the three days that intervened between the day on which the transcript was filed and the day of the election, the first was a half holiday, the second was Sunday, and the third was also a dies non, being All Saints Day. It was therefore impossible to hear the appeal and render in favor of appellant a decree that would be effective. In fact, appellant did not demand, and could not reasonably have demanded, that the appeal should be heard in time to afford him the relief prayed for. Under these circumstances, we cannot grant appellant any relief. It would be futile now to consider and determine the question whether it was the duty of the secretary of state to have appellant's name printed on the official ballot that was voted in the election that has already been held. The only appropriate disposition that we can make of the case is to dismiss the appeal at appellant's cost.

It is ordered that the appeal be dismissed at appellant's cost.