SIMON SWIG *vs.* STATE BALLOT LAW COMMISSION.

SAME *vs.* SAME.

Suffolk.   October 18, 1928. — October 29, 1928.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Supreme Judicial Court,* Moot question.   *Ballot Law Commission.   Prohibition, Writ of.   Elections.*

Bills of exceptions, filed after the entry of orders dismissing petitions for writs of prohibition restraining the ballot law commission from hearing objections to the nomination of and nomination papers filed by the petitioner as a candidate for representative to the General Court, and to the placing of his name on the ballot for the State election because of his alleged ineligibility due to lack of qualifications as to residence, were presented to this court after the last day upon which any action was possible which would result in the placing of the petitioner's name upon the ballot for the State election.   *Held,* that the bills of exceptions brought to this court merely a moot question, which for that reason the court would not determine.

Two PETITIONS for writs of prohibition, filed in the Supreme Judicial Court for the county of Suffolk on August 22 and September 28, 1928, respectively, and described in the opinion.

The petitions were heard by *Crosby,* J., who ordered them dismissed.   The petitioner alleged exceptions in each case.

The cases were submitted on briefs.

*Asa P. French, H. F. R. Dolan, & J. H. Morson,* for the petitioner.

*J. E. Warner*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondent.

PIERCE, J.   These are two petitions for a writ of prohibition directed against the State ballot law commission.   They are before this court on the exceptions of the petitioner to the denial of identical requests for rulings of law by a single justice of the Supreme Judicial Court.   The first of these petitions was filed August 22, 1928.   The answer, admitting "all the material allegations of fact contained in the petition," was filed August 29, 1928.   The second petition was filed September 28, 1928.   The answer, admitting "all the material allegations of fact contained in the petition," was filed on the same day.   In the first petition the purpose is to secure a prohibition against the State ballot law commission to enjoin it from hearing objections "to the nomination of and the nomination papers filed by the petitioner . . . as a candidate for the office of Representative to the General Court for the 12th Suffolk District under the political designation of a Republican and also under the political designation of a Democrat."   The nomination papers were in due form and in accordance with the requirements of law, and entitled the petitioner's name to be placed on the Republican and Democratic ballots to be used at the polling places in said district, at the primaries to be held on September 18, 1928, if the State ballot law commission is without jurisdiction to hear and determine certain written objections, filed with the Secretary of the Commonwealth on August 17, 1928, by a resident and qualified voter of said "12th Suffolk Representative District," in these words: "That said Simon Swig is ineligible and disqualified to be Representative of said District in that he will not have been an inhabitant of the District for which he seeks to be chosen for one year at least next preceding his election, as required by Article XXI of the Amendments to the Constitution of the Commonwealth, and therefore is not eligible to be voted for at said primary for said office."

By the second petition an injunction is sought to restrain the State ballot law commission from hearing and determining the matters set forth in the objections, filed September 13,

1928, to the nomination of and the nomination papers filed by the petitioner, and to the printing of the petitioner's name "as independent candidate for Representative of said District to the Great and General Court of said Commonwealth, by the biennial state election to be held November 6, 1928." At the hearing before the single justice, "It was agreed by the parties . . . that the only issue raised or sought to be raised by the petition and answer is whether or not the respondents as State ballot law commission have jurisdiction to hear and determine the question raised by said written objections, to wit, whether the petitioner is ineligible and disqualified to be a Representative of said District in that he will not have been an inhabitant of the District for which he seeks to be chosen for one year at least next preceding his election, as required by Article XXI of the Amendments to the Constitution of the Commonwealth, and therefore is not eligible to be voted for at said election for said office."

At the hearing on the first petition, on August 29, 1928, and on the second petition, on September 28, 1928, the petitioner filed requests for rulings. The single justice, at each hearing, gave the fifth request for rulings, refused the other requests, ruled "that the respondents have jurisdiction to consider and determine the objections to the nomination [of] and nomination papers filed by the petitioner, which objections are set forth in the written objections annexed to the petition for a writ of prohibition," and dismissed the petition. The petitioner in both petitions excepted "to the finding and rulings made by the court and to the court's refusal to grant the petitioner's requests for rulings." The exceptions were allowed on October 3, 1928, and were heard on briefs filed in this court on October 18, 1928.

On that day, October 18, 1928, when the briefs of the petitioner and the respondents were presented to this court, both September 18, the last day on which, by G. L. c. 53, § 28, as amended by St. 1926, c. 96, a primary could be held, and September 10, the last day on which, by G. L. c. 53, § 10, as amended by St. 1921, c. 387, nomination papers of candidates for offices to be filled at a State election could be filed, had passed. G. L. c. 54, § 62. There

is no statutory provision for the holding of a special primary election before the State election which is applicable to the facts here presented. G. L. c. 54, § 41, provides that "Ballots for the use of voters . . . shall contain the names of all candidates duly nominated for election therein, and . . . such ballots shall contain the name of no other person." Unless the petitioner could, in some manner provided by the statutes of the Commonwealth, be nominated for office, it is obvious his name could not appear upon the ballot to be "prepared and furnished by the state secretary." G. L. c. 54, § 40. A decision by this court of the question of law raised by the exceptions of the petitioner in accord with his contentions would not put him in position to have his name go upon the official ballot. In a word, a decision of the question would afford no relief to the petitioner if it should be found by this court that he had a grievance which could have been remedied if he had taken action and had consistently pursued it to the entry of a judgment before September 10 in the second case and before September 18 in the first case. The inquiry, whether the State ballot law commission was right in its action, is wholly a moot question. *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543. *Gabis, petitioner,* 240 Mass. 465, 467.

*Petitions dismissed.*