HAROLD T. DAVIS, administrator *de bonis non* with the will annexed, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Middlesex.    November 12, 1931. — July 16, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Tax,* On successions.

Where the life tenant under a certain instrument died subsequent to one in whom was vested the interest in remainder and that interest had passed under the remainderman's will to a beneficiary named therein, the succession tax on such interest in remainder, under G. L. c. 65, § 13, as amended by St. 1924, c. 300, § 1, should be assessed against said beneficiary upon the basis of its value at the time of the life tenant's death and not upon the basis of its value at the time of the remainderman's death.

RETURN, filed by the Board of Tax Appeals on May 9, 1931, in the Probate Court for the county of Middlesex, pursuant to G. L. c. 65, § 25, in the amended form appearing in St. 1930, c. 416, § 30, and stating its decision on an appeal by the administrator *de bonis non* with the will annexed of the estate of Jones T. Eager, late of Weston, from a determination by the commissioner of corporations and taxation of the taxable value of certain property of said estate.

It appeared that the commissioner of corporations and taxation determined such value as of October, 1929, at $228,640.69. Other material facts appear in the opinion. The decision of the Board of Tax Appeals was in favor of the commissioner. A decree was entered by order of *Harris,* J., accepting the board's return. The administrator appealed.

The case was argued on November 12, 1931, before *Rugg,* C.J., *Pierce, Wait,* & *Field,* JJ., and afterwards was submitted on briefs to *Crosby* & *Donahue,* JJ.

*A. L. Newton,* for the petitioner.

*J. E. Warner,* Attorney General, *& E. K. Nash,* Assistant Attorney General, for the respondent, submitted a brief.

Rugg, C.J. Jones T. Eager, a resident of this Commonwealth, died, testate, in January, 1927. The operative provision of his will here material gave all his property to his widow. The valuable part of that property consisted of an interest in remainder in a trust fund created by instrument executed in 1921 by Caroline B. Eager, then a resident of England. By that instrument it was provided that the net income of the fund be paid to Caroline B. Eager during her life, and that upon her death the remainder should belong absolutely to Jones T. Eager free from all trust. That remainder vested in him upon the creation of the trust. It was not liable to be defeated by any contingency. Enjoyment in possession and control only was deferred until the death of Caroline B. Eager. She died in October, 1929, a resident of California, not having been, so far as appears, a resident of this Commonwealth subsequently to the creation of the trust. The value of the remainder interest owned by the testator at his death, subject to the life estate, was $145,704.82; its value at the death of the life tenant was $228,640.69. The question for decision is, on which valuation shall the succession tax be computed? It is not contended that the property was free from a succession tax under G. L. c. 65, as amended. It appears to be conceded that some property belonging to the testator passed by his will, intended to take effect in enjoyment and possession after his death, which was subject to the tax imposed by § 1 of that chapter. The words of that section are comprehensive. They embrace "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal . . . belonging to inhabitants of the Commonwealth" which shall pass in any of the common ways for the transfer of property in contemplation of the death of the grantor or donor. They include all property subject to the jurisdiction of the Commonwealth. It is provided by § 13 of said chapter, as amended by St. 1924, c. 300, § 1: "Except as otherwise pro-

vided in this and the following section, the tax imposed by this chapter shall be assessed upon the value of the property at the time of the death of the decedent. In case of a devise, descent, bequest or grant to take effect in possession or enjoyment after the expiration of one or more life estates or of a term of years, the tax shall be assessed on the value of the property or interest therein coming to the beneficiary at the time when he becomes entitled to the same in possession or enjoyment. . . ." Plainly, in the first sentence of that section the word "decedent" refers to the person succession from whom is made subject to the tax. The second sentence creates an exception to the broad language of the preceding sentence as to the time when the value of the property passing by succession shall be ascertained for purposes of taxation. Its words "devise, descent, bequest or grant" comprise all the usual ways for the succession of property. Those words, however, are limited to succession taking effect "in possession or enjoyment after the expiration of one or more life estates or of a term of years." Property owned by a grantor or donor, and a vested remainder owned by a grantor or donor subject to one or more life estates or to a term of years, may pass by succession by "devise, descent, bequest or grant." Property like that here in question certainly comes within the scope of the words of the second sentence. The natural meaning of the words of the second sentence in their context does not confine the "life estates" or "term of years" to such as have been created by the same decedent. There are no words in this section which in express terms or by fair implication limit the broad and inclusive sweep of the general language to life estates and terms of years created by the grantor, donor, or intestate alone. This section is to be read in conjunction with the following § 14, as amended by St. 1924, c. 300, § 2, which so far as material is in these words: "Any person entitled to a future interest in any property may pay the tax on account of the same at any time before such tax would be due under this chapter, and in such cases the tax shall be assessed upon the value of the interest at the time

of payment, and such value shall be determined by the commissioner as provided in this chapter. . . ." The two sections together are designed in part to afford alternative methods of determining the amount of the tax based on the time as of when the value of the estate passing may be ascertained, and not based on the person by whom the life estate or term of years was created. It is the quality of estate passing by succession and not the identity of the individual creating that quality to which the statutory words are directed. A vested remainder, to take effect in enjoyment and possession only after the expiration of a life estate, is subject to testamentary disposition. It makes no difference with the exercise of that power of disposition whether such remainder was created by the act of the testator or of some third person. There are no statutory words indicative of a legislative design to confine the operation of the second sentence of said § 13 to remainders created by the testator and to exclude from its scope all other remainders. No reason is perceived for refusing to give to the statutory words their common meaning. Nothing in G. L. c. 65, §§ 7 or 14, as amended, throws further light on the interpretation to be given said § 13, or is inconsistent with anything here decided.

The case at bar does not fall within the authority of any decision previously rendered touching the interpretation of the succession tax law. The determination of the question raised results from the import of the statutory words applied to the facts here presented.

*Decree affirmed.*

MEMORANDUM.

On the twenty-seventh day of July, 1932, the Honorable HENRY TILTON LUMMUS, one of the Justices of the Superior Court, was appointed a Justice of this court. He took the oath of office on the first day of August and first sat with the court at the sitting at Pittsfield on the twentieth day of September.