## Lyttle, County Judge, v. Keith.

(Decided June 5, 1936.)

WILLIAM RICE for appellant.

A. D. HALL for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Dismissing.

This action was instituted in the Clay circuit court by the appellee, Taylor Keith, against J. M. Lyttle, judge of the Clay county court, seeking a binding declaration of rights as to the validity of section 43 (the emergency clause) of Houses Bill 156, known as the Local Option Law, enacted into law at the regular 1936 session of the General Assembly.

Said emergency clause of the act (section 43) provides that:

"An emergency is hereby declared to exist, and this Act shall be effective from and after its passage and approval by the Governor."

The petition alleged the act, so enacted, was duly approved by the Honorable A. B. Chandler, Governor of the commonwealth of Kentucky on the ——— day of February, 1936, and same became effective on that day and was in full force and effect on April 25, 1936, the day the petition was filed, seeking a binding declaration of rights as to the validity of its said emergency clause, upon the grounds: (1) That said emergency clause or the effective date of said act was not mentioned or included in the title of the act; and (2) that

the reasons for said emergency are not stated or set out at length in said clause, or elsewhere in the body of the act.

A general demurrer was interposed to the petition and overruled, when the defendant, electing to stand upon the petition, suffered judgment to go according to its prayer.

The defendant's position is that the emergency clause is invalid and ineffective, and that, by reason thereof, the law would not become effective until on or about May 15, 1936, or 90 days after the adjournment of the regular session of the General Assembly at which enacted.

In the petition, filed April 25, 1936, it was not made to appear nor was it alleged that any local option election was sought to be called, or that the county judge had been petitioned to call or had ordered such an election held under the emergency provision of the statute, but the petition only alleged that plaintiff's rights as a citizen and taxpayer of Clay county were affected thereby, and that, by reason thereof, there existed an actual controversy between the plaintiff and the defendant, the former asserting and the latter denying the validity of the said emergency clause of the act, as to which he asked of the court a binding declaration of rights.

A demurrer, interposed to this petition, was overruled, when, upon the defendant's declining to amend, judgment was pronounced, declaring the emergency clause of the act to be valid.

From such judgment this appeal is prosecuted, but it was not brought before us for our review of this question as to the effective date of the act until after the act has become effective, both under the emergency clause of the act when, as it provides, approved by the Governor and about the middle of May or 90 days after the adjournment of the session in which enacted under operation of the general rule so providing. Constitution, section 55.

It thus appears that no actual controversy is here presented as to the act's having now become effective in the one way or the other and we are, for such rea-

son, of the opinion that the case has thus become moot, in that there is now presented only the academic question as to whether or not it is necessary to the validity of the emergency clause contained in the act that it should be included in the title of the act or that the reasons for declaring an emergency to exist should be set out in the act. The general rule is in such case as is here thus presented that, when, pending an appeal, the circumstances change to such an extent that the appeal involves merely a moot question, the appeal will be dismissed. Appeal and Error, 2 R. C. L. sec. 145, p. 169. An application to the court for advice on matters as to which controversies have not arisen clearly presents the objectionable characteristics of a moot case. Anway v. Grand Rapids R. Co., 211 Mich. 592, 179 N. W. 350, 12 A. L. R. 26; Heitmuller v. Stokes, 256 U. S. 359, 41 S. Ct. 522, 65 L. Ed. 990; Sherod v. Atchison, 71 Or. 446, 142 P. 351, Ann. Cas. 1916 C, 1151.

The question here presented upon the facts stated, supra, clearly comes within the objection of having become moot, when viewed in the light of the authorities cited above, as well as within our own repeatedly enunciated rule that: .

"It is not * * * within the province of appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow."

Potter et al. v. Yonts et al., 172 Ky. 130, 188 S. W. 1059, 1060; Conn v. Desha, 71 S. W. 513, 24 Ky. Law Rep. 1400; Waller v. Henderson Tel. & Tel. Co., 101 S. W. 372, 31 Ky. Law Rep. 39, 40; Searcy v. Fayette Home Telephone, 143 Ky. 811, 137 S. W. 777.

The appeal here likewise presents a mere academic discussion, a moot question, and, as said in the Searcy Case, supra, as "courts are created for the purpose of trying cases rather than questions," this appeal is dismissed.