## White v. Hamlin, Sheriff, et al.

(Decided October 16, 1936.)

HIRAM H. OWENS and L. O. SILER for appellant.

W. H. HENRY and B. M. VINCENT, Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Dismissing appeal.

The appellant, Clive White, "a resident, citizen, taxpayer and licensed dispenser of intoxicating liquors and beers" in Whitley county, Ky., instituted this suit in equity against the appellees, sheriff, county court

clerk, et al., seeking a temporary injunction restraining them from advertising and holding a local option election, duly called and ordered (the petition alleges) to be held on September 19, 1936, as authorized by the provisions of chapter 1, of the Regular Session Acts of the 1936 General Assembly (known as the "Local Option Law"), and contending, in support of his motion for an injunction restraining its holding, that the provisions of the said law authorizing the holding of such an election are unconstitutional, etc.

Demurrer was filed to the petition.

Upon submission of the cause upon the demurrer and plaintiff's motion for a temporary injunction, the chancellor sustained the demurrer to the petition and refused to grant the injunctive relief prayed for, whereupon, plaintiff having declined to amend his petition, it was dismissed.

The plaintiff having objected and excepted to this ruling, he prosecutes this appeal (which was on September 29, 1936, upon his motion docketed, advanced and submitted) moving for an order directing the judge of the trial court to sustain his motion for the temporary injunction, refused upon hearing. The whole object of plaintiff's suit was to prevent by injunction the holding on September 19, 1936, of the called local option election upon the ground of the alleged unconstitutionality of the act.

It thus appears that the appellant here seeks to enjoin the holding of a local option election in Whitley county many days after it, pursuant to the court's order calling same, was there held on September 19, 1936. Further, it is apparent that for such reason there is here now presented no actual controversy upon the question of appellant's right to enjoin the holding of the called local option election.

From this, it must needs result that this appeal, here seeking an order directing the learned trial court to enter an order restraining the defendants from holding the called local option election, now many days after it has in fact been held, must, we conceive, be dismissed, as such belated motion comes within and is controlled by the well-established rule that:

"Review proceedings are not allowed for the purpose of settling abstract questions, but only to

correct errors injuriously affecting the rights of some party to the litigation. Accordingly, an appeal or error proceeding will be dismissed if the question presented by it is fictitious, or has become moot or academic, or if, without any fault of the appellee or defendant in error, an event has occurred which makes a determination of it unnecessary or renders it impossible for an appellate court to grant effectual relief.''

Appeal and Error, sec. 733, vol. 3, American Jurisprudence. And further, in section 735 of the same authority, it is said:

''A review proceeding will be dismissed where the election has been held, registration for which was sought to be enjoined [Mills v. Green, 159 U. S. 651 (16 S. Ct. 132) 40 L. Ed. 293] * * * or where the term of office of a public officer sought to be ousted or enjoined from doing certain acts has expired. * * * [Tennessee v. Condon, 189 U. S. 64 (23 S. Ct. 579) 47 L. Ed. 709].''

In the Green Case, supra, the court said:

''The defendant moved to dismiss the appeal, assigning, as one ground of his motion, 'that there is now no actual controversy involving real and substantial rights between the parties to the record, and no subject-matter upon which the judgment of this court can operate.'

''We are of opinion that the appeal must be dismissed upon this ground, without considering any other question appearing on the record or discussed by counsel.

''The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.''

It is obvious, therefore, that even if the appeal presented upon the merits of the question, as to which we express no opinion, a proper case for the granting of the injunctive relief sought, it would be futile to grant it after the election had in fact been held.

634

It thus appears that pending this appeal the circumstances are so changed by the holding of the election, which this suit was brought to restrain, that it now involves no longer an actual controversy between the parties, but merely a moot question, which it is not within the province of the court to decide, the rule being that where no practical relief can follow the determination of a hypothetical or moot question by the appeal it must be dismissed. Lyttle v. Keith, 264 Ky. 652, 95 S. W. (2d) 299; 2 R. C. L. sec. 145, p. 169; Richardson v. McChesney, 218 U. S. 487, 31 S. Ct. 43, 54 L. Ed. 1121; Potter et al. v. Yonts et al., 172 Ky. 130, 188 S. W. 1059, 1060; Searcy v. Fayette Home Telephone, 143 Ky. 811, 137 S. W. 777.

Therefore, for the reasons hereinabove indicated, the appeal must be, and it is, dismissed.