STATE EX REL. MURCHIE *v.* BATH,
SECRETARY OF STATE ET AL.

[No. 28,484.  Filed June 30, 1949.]

*Obed T. Kilgore,* of Indianapolis, for appellant.

*J. Emmett McManamon* and *Cleon H. Foust,* Attorneys General, *Frank E. Coughlin,* First Deputy Attorney General, *Alvin E. Meyer,* Deputy Attorney

General, and *Scott Ging,* Marion County Attorney, for appellees.

EMMERT, J.—This is an appeal from a judgment for refusal of appellant to amend his complaint after a demurrer had been sustained thereto. The complaint charged that at a general election held in Marion County in 1946, Emsley Johnson, Jr., was duly elected Judge of the Marion Superior Court, Room No. 3, and qualified and acted as judge thereof until December 31, 1947, when he resigned. Thereupon the Governor of Indiana appointed William R. Higgins to act as judge of said Superior Court, Room No. 3, to serve until his successor was elected and qualified. That before the primary election in May of 1948, the relator presented to the Secretary of State a proper declaration of candidacy for his nomination on the Democratic ticket for the office of Judge of the Marion Superior Court, Room No. 3, but that the Secretary of State refused to include his name in a certified list to the Clerk of the Marion Circuit Court so that his name could be placed upon the proper primary ballots. The prayer was to mandate the Secretary of State to accept and file such declaration of candidacy and to include relator's name as such candidate in the certified list to be delivered to the Clerk of the Marion Circuit Court.

After the primary election, which was on May 4, 1948, relator filed a supplemental complaint which in substance averred that the Marion County Election Board failed to place his name upon the Democratic election ballots to be voted on at said primary, and that he was the only person who had duly tendered his declaration of candidacy for Judge of the Marion Superior Court, Room No. 3. Relator prayed for an order mandating the Marion County Election Board to place his name for said office upon the official ballots for the general election

to be held November 2, 1948. The separate and several demurrers of the appellees were sustained, and the errors relied upon for reversal are the rulings of the trial court in sustaining the demurrers.

The transcript and assignment of errors was filed with this court October 4, 1948, but appellant's brief was not filed until October 25, 1948. Under Rule 2-15 the appellees had thirty days thereafter to file answer briefs. On November 18, 1948, appellees filed a motion to dismiss the appeal on the ground that the questions presented are now moot.

We take judicial notice of the time fixed by law for holding elections. *Copeland, Auditor* v. *State ex rel. Davis* (1890), 126 Ind. 51, 25 N. E. 866. The █ general election at which the relator sought to have his name placed on the official ballot as a candidate was held Tuesday, November 2, 1948. If the legal questions on which the relator seeks the decision of this court were decided for him and the judgment of the trial court reversed, it could avail him nothing in this action. It is impossible to give him now the relief prayed.

This court has previously held that if a primary election occurs before the submission of an appeal, the questions on appeal are moot and the appeal should be dismissed. *Fifield, Secretary of State* v. *State ex rel. Moser* (1930), 202 Ind. 176, 172 N. E. 601; *State ex rel. Williamson* v. *Board of Election Comrs.* (1916), 185 Ind. 238, 113 N. E. 754; *State ex rel. Bryant* v. *Jackson* (1922), 192 Ind. 497, 137 N. E. 51. In the latter case the court said:

"In case this cause should be decided in favor of relator it could not in any manner benefit him because the time for holding said primary election had passed before this appeal was taken, and any relief granted him would be of no value whatever. It is

the function of this court to decide actual controversies by judgment which can be given due effect, not to give opinions upon moot questions or abstract propositions or to decide principles or rules of law which cannot affect the matters in issue in the cases before them; so that, when it is made to appear to this court that upon reviewing the proceedings of the judgment sought to be reviewed it is impossible for this court to grant any effectual relief, the court will not determine the questions litigated below, but will dismiss the appeal." (pp. 500, 501.)

If an election has been held the same principles apply. In *People ex rel. Chancellor* v. *Sweitzer* (1928), 329 Ill. 380, 160 N. E. 747, the court said:

"The election has been held. A reversal of the judgments could result in no advantage to the petitioners and would subserve no useful purpose. They no longer have an existing cause of action. If they ever had the right to have the ballots printed in accordance with their demand, they have no such right now. The writ of mandamus will not issue to compel the doing of a useless act or one which would prove unavailing, fruitless, or nugatory. *Cristman* v. *Peck*, 90 Ill. 150; *Gormley* v. *Day*, 114 Ill. 185, 28 N. E. 693; *People* v. *City of Streator*, 258 Ill. 273, 101 N. E. 599. The court will not decide questions that no longer exist merely to make a precedent or settle a question of costs. *Donahoe* v. *Owens*, 277 Ill. 318, 115 N. E. 552; *Wick* v. *Chicago Telephone Co.*, 277 Ill. 338, 115 N. E. 550."

The courts of other states have generally held that the holding of the election which is in controversy makes the questions moot on appeal if no remedy could then be afforded. *State ex rel. Snyder* v. *Bd. of Elections of Lucas County* (1946), 146 Ohio St. 556, 67 N. E. 2d 322; *Chambers* v. *Ashley* (1939), 33 Cal. App. 2d 390, 91 P. 2d 932; *Bertino* v. *Sanborn* (1934), 136 Cal. App. 247, 28 P. 2d 689; *Tyler* v. *Peacock* (1929), 98 Fla. 981,

124 So. 463; *Wise* v. *Sims* (1936), 182 Ga. 857, 187 S. E. 102; *Clements* v. *Wilkerson* (1921), 151 Ga. 467, 107 S. E. 47; *Lyle* v. *McKinlay* (1923), 229 Ill. App. 349; *White* v. *Hamlin, Sheriff* (1936), 265 Ky. 631, 97 S. W. 2d 543; *Williams* v. *Howard* (1922), 193 Ky. 848, 237 S. W. 1062; *Benton* v. *Clay* (1921), 192 Ky. 497, 233 S. W. 1041; *State ex rel. Gautier* v. *Berthelot* (1917), 141 La. 886, 75 So. 811; *Dorsey* v. *Ennis* (1934), 167 Md. 444, 175 Atl. 192; *Swig* v. *State Ballot Law Comm.* (1928), 265 Mass. 19, 163 N. E. 257; *Nestler* v. *Cohen* (1934), 265 N. Y. 576, 193 N. E. 327; *Lucas* v. *Bd. of Com'rs. of Beaufort County* (1935), 208 N. C. 699, 182 S. E. 328; *Cannon* v. *Commrs. of Pender County* (1915), 170 N. C. 677, 87 S. E. 31; 4 C.J.S. 1949, § 1354; 4 C.J. 577; 3 Am. Jur. 312, 313, § 735.

It is unnecessary to determine just when under the Election Code this appeal became moot, but is sufficient to note that after the election this court could afford no relief. Nor is the result changed because the appeal was perfected before the election. *Smith* v. *Jeffries* (1939), 188 Ga. 649, 4 S. E. 2d 637; *Kelly* v. *Millsaps* (1916), 139 La. 547, 71 So. 844; *Hollander* v. *Bailey* (1921), 148 La. 453, 87 So. 234; *State ex rel. Damon* v. *Stokes* (1921), 44 S. D. 3, 181 N. E. 831.

The Election Code has not provided for a summary determination of the questions presented in this controversy. Until provisions are enacted which would provide for a summary or accelerated determination, the regular procedure for making issues, trial and appeal apply. Until the case was fully briefed by the parties, it was not ripe for consideration by this court. Rule 2-26 for advancements on appeal does not waive briefing by the parties.[1]

---

[1] ". . . On written application of either party, other causes which involve the constitutionality of any law, the public revenue,

The questions on the merits became moot after the election, and therefore the appeal is hereby dismissed.

NOTE.—Reported in 86 N. E. 2d 680.

public health, the settlement of trusts or estate, or which are otherwise of general public concern, may likewise be advanced by order of the court after they are fully briefed. . . . " Rule 2-26, Rules of the Supreme Court.