BOARD OF EDUCATION OF BEREA et al. v. MUNCY et al.

Court of Appeals of Kentucky.
May 11, 1951.

Geo. T. Ross, James S. Chenault, and Eugene S. Wiggins, all of Richmond, for appellant.

D. Andrew Shearard, Berea, Ky. Shackelford & Burnam, Richmond, Stanley Powell, Berea, for appellee.

STANLEY, Commissioner.

Toward the end of the 1949–1950 school year, the Board of Education of the Berea Independent School District deemed it necessary to reduce the faculty for the next year in order to effect essential economy because of the withdrawal by the Madison County Board of Education of more than 100 of its pupils for whom tuition had been paid. In pursuance thereof the Berea board notified Mrs. Lorena Muncy and Mrs. Clyde Botkin that their contracts as teachers would be suspended at the end of the school year and that their services would not be needed the next term. They filed suit against the board, the members thereof individually, and the other teachers on the Berea faculty in which they asserted that the board could not legally suspend them or dispense with their services. Among the reasons assigned were that they had continuing contracts of tenure and certain preferential seniority rights over other named teachers. A judgment declaring those several rights and granting consequential relief by injunction was prayed. In October, 1950, judgment was rendered upon the several pleadings and evidence.

The court held that the board was justified in reducing its teaching staff, but that its action as to the plaintiffs, Mrs. Muncy and Mrs. Botkin, "is void and of

no effect." Their reinstatement in the high school and elementary school respectively was ordered "without loss of pay, seniority, retirement benefits or any other benefits of any nature or description." The court declared the order of seniority and preferential rights to teach of each of the 14 members of the faculty. Some of them were declared to be senior and others junior to the two plaintiffs. The board, its members as individuals, and teachers declared to have a junior tenure status have prosecuted this appeal against all the other parties.

Motions to dismiss the appeal have been made by certain appellants and the two appellees especially affected; also, a motion to remand the case for further proof on the issue of seniority. These were overruled. But a later motion by the board, pursuant to a regular order passed by a majority of its members, was passed for consideration of the merits of the case. In these several proceedings it is shown that by a majority of the board (personnel having changed in January, 1951) all controversies between the board and Mrs. Muncy and Mrs. Botkin have been settled, and they have been reinstated in accordance with the judgment.

█ It is elementary law that an appellant may voluntarily dismiss his appeal if it does not adversely affect the rights of other parties. An appeal may, under the peculiar circumstances, be dismissed without affecting or prejudicing the right of other parties to have the judgment adverse to them reviewed. Smith v. Jones, 226 Ky. 785, 11 S.W.2d 937. Since the board and the two teachers whose tenure was suspended have composed their differences and they have been reinstated in accordance with the judgment, the event makes unnecessary a determination of that right by this court. The rule is well established that courts will not settle abstract or academic questions and will dismiss a case when it becomes moot. Lyttle v. Keith, 264 Ky. 652, 95 S.W.2d 299; White v. Hamlin, 265 Ky. 631, 97 S.W.2d 543; City of Louisville v. Belknap Hardware & Mfg. Co., 145 Ky. 266, 140 S.W. 185; Tinsley v. County Board of Education,

227 Ky. 202, 12 S.W.2d 329. The motion to dismiss the appeal as it affects the board of education will, therefore, be sustained.

█ The effect of that dismissal, however, is the equivalent of an affirmance and leaves the judgment in full force and effect. Armes v. Louisville Trust Co., 306 Ky. 155, 206 S.W.2d 487. That should not be done insofar as the judgment affects the declaration of rights with respect to preferential status and tenure as among the several teachers, parties to the appeal.

██ The prime objective of the suit by the two plaintiffs was to obtain reinstatement to their positions as teachers. If before judgment the board had acceded to the demands of the plaintiff and the primary conflicting claims had been so compromised and satisfactorily settled, it would have been improper for the court to have declared the order of preference or seniority of the teachers, for it would have been an academic matter about which there was no present controversy tending toward litigation. The dismissal of the board's appeal now makes that an academic question here.

The declaratory judgment statute is very liberal with respect to both procedural and judicial discretion. Sec. 639a–1 et seq., Civil Code of Practice. The courts should not decide speculative rights or duties although future contingencies may develop an actual, justiciable controversy. Shearer v. Backer, 207 Ky. 455, 269 S.W. 543; Sullenger v. Sullenger's Adm'x, 287 Ky. 232, 152 S.W.2d 571; Black v. Utter, 300 Ky. 803, 190 S.W.2d 541. The act expressly provides that this court may, in its discretion, direct the dismissal of the case in the trial court where, in our opinion, it is considered not to be necessary or proper under the circumstances, the same being without prejudice. Sec. 639a–6, Civil Code of Practice. See Mason's Adm'r v. Mason's Guardian, 239 Ky. 208, 39 S.W.2d 211; Board of Education v. City of Louisville, 288 Ky. 656, 157 S.W.2d 337; High Splint Coal Co. v. District No. 19, U.M.W.A., 300 Ky. 521, 189 S.W.2d 735. The developments of the present case justify the exercise of this power not to make

such declaration of rights. To leave that part of the judgment declaring the rights of preferential tenure or order of seniority of the teachers, one over or above the others, would, under the circumstances, be an improper adjudication.

The appeal of the board of education is dismissed. The judgment in the respect stated is reversed with directions to vacate that part of it.