R. Larry JONES and Ronald G. Geary, Appellants,

v.

Lawrence E. FORGY, Jr. and Billy B. Wilcoxson, Appellees.

Daniel D. BRISCOE and R. Gene Smith, Appellants,

v.

William E. SCENT and Robert P. Benson, Jr., Appellees.

Nos. 87–SC–385–TG, 87–SC–386–TG.

Supreme Court of Kentucky.

May 19, 1988.

Sheryl G. Snyder, Kevin J. Hable, Mary E. Barrazotto, Wyatt, Tarrant & Combs, Louisville, for appellants.

William E. Scent, Paducah, pro se.

Frank W. Burke, Louisville, for Robert P. Benson, Jr.

Lawrence E. Forgy, Jr., Lexington, pro se.

Billy B. Wilcoxson, pro se.

DEEDRA BENTHALL, Special Justice.

Raised in these appeals is an issue of first impression in the Commonwealth, at least as it pertains to university trustees: does Section 93 of the Kentucky Constitution limit the terms of trustees at the Universities of Kentucky and Louisville to four-years?[1] Or, stated another way, do Sections 164.130(1) and 164.820(3) of the Kentucky Revised Statutes contravene Section 93 of the Constitution by conferring six-year terms upon trustees of the Universities of Kentucky and Louisville?

## I. PROCEDURAL HISTORY

Pursuant to Declaration of Rights Actions, the Fayette and Jefferson Circuit Courts held KRS 164.130(1), KRS 164.-320(2), and KRS 164.820(3), adopted in 1982, violative of Section 93 of the Constitution of Kentucky to the extent that these statutes provided six year terms for trustees and regents at various state universities. On January 23, 1987, following that decision, Governor Martha Layne Collins appointed the Appellees, Lawrence E. Forgy, Jr. and Billy Wilcoxson to the Board of Trustees of the University of Kentucky and William E. Scent and Robert P. Benson, Jr. to the Board at the University of Louisville. These Collins' appointees took the places of

the Governor John Y. Brown appointees, who are the Appellants in this action and who at the time of their successors' appointments had already served more than four years of their six year terms: at the University of Kentucky, R. Larry Jones and Ronald G. Geary, who had been appointed on December 31, 1981, and June 30, 1981, respectively; at the University of Louisville, Daniel D. Briscoe and R. Gene Smith, who had been appointed on April 1, 1982, and December 20, 1981, respectively.

In an effort to determine the rightful holders of the various trusteeships, three separate actions were filed, one in Fayette County and two in Jefferson County. In each of the cases, the trial courts granted summary judgments in favor of the Appellees and declared unconstitutional the various six year terms provided in the 1982 legislation. Appeals taken from these decisions were transferred directly to the Supreme Court from the Court of Appeals and consolidated for review. CR 76.18 and CR 76.12.

## II. POSITIONS OF THE PARTIES

At the heart of the appeal is the applicability of Section 93 of the Kentucky Constitution to the office of university trustee:

"The Treasurer, Auditor of Public Accounts, Secretary of State, Commissioner of Agriculture, Labor and Statistics, Attorney General, Superintendent of Public Instruction and Register of the Land Office shall be ineligible to re-election for the succeeding four years after the expi-

1. KRS 164.130(1) "The government of the University of Kentucky is vested in a board of trustees consisting of sixteen (16) competent citizens of Kentucky appointed by the governor, two (2) members of the faculty of the University of Kentucky, one (1) member of the teaching faculty of the community college system, and one (1) member of the student body of the University of Kentucky. The voting members of the board shall select a chairman annually. The initial terms of the appointed members shall be four (4) years and until their successors are appointed and qualified. Whenever a term expires after July 15, 1980, the member appointed by the governor to fill the vacancy shall be appointed for a six (6) year term...."

KRS 164.820(3) "At the expiration of the respective terms of the citizen members of the

board of trustees (of the University of Louisville) as prescribed in subsection (2) of this section, successors shall be appointed by the governor for terms of four (4) years each, except that whenever a term expires after July 15, 1980, the member appointed by the governor to fill the vacancy shall be appointed for a six (6) year term, and in making such appointments the governor shall observe the requirements relating to nominations by the alumni members. Subject to such requirements the governor shall make his appointments from the state at large so as to divide the citizen representation upon the board as nearly equal as possible between the two (2) leading political parties in this state."

ration of the term for which they shall have been elected. The duties and responsibilities of these officers shall be prescribed by law and all fees collected by any of said officers shall be covered into the treasury. *Inferior state officers, not specifically provided for in this Constitution, may be appointed or elected, in such manner as may be prescribed by law, for a term not exceeding four years, and until their successors are appointed or elected and qualified.* [emphasis added]

Appellants argue that the phrase "inferior state officers" is ambiguous and requires constitutional construction in order to determine the framers' intent. In support of their six-year terms, Appellants contend that the phrase "inferior state officers" refers only to statewide executive officers and thus, the four-year limitation is not applicable to university trustees, leaving the legislature free to set the terms as it pleases.

On the other hand, Appellees argue that the "plain meaning of Section 93" encompasses all state officers not otherwise provided for in the Constitution and necessarily includes university trustees, thereby limiting their terms to four years. Furthermore, they cite *Sinking Fund Commissioners v. George,* 104 Ky. 206, 47 S.W. 779 (1898) in support of the four year limitation and the unconstitutionality of the six-year legislation.

### III. MOOTNESS

At oral argument, counsel confirmed that the Appellants' six-year terms had expired and that even if the Court ruled in their behalf, they would not be able to resume their seats. In addition, it was brought to the attention of the Court that the 1988 Legislature had repealed the sections of the statute in question in Senate Bill 72, signed by the Governor only days before oral argument. Setting the trustees' terms at four years, the new legislation arguably laid to rest the question of future controversy in this area. Yet, both sides agreed the Court should determine the case.

In additional memoranda, Appellants urged judicial notice of 26 university trustees presently serving six-year appointments and of some 20 others, who replaced six-year appointees throughout the Commonwealth's University system. The Court then is urged to decide the appeal as a matter of public interest since this Court's reversal would still affect the validity of the Appellees' appointments and others in similar positions as well as the validity of those as yet serving unexpired six-year terms.

The Court is mindful of a long line of appellate cases dismissed after a change in circumstances made it impossible to grant actual or practical relief. *Lyttle v. Keith,* 264 Ky. 652, 95 S.W.2d 299 (1936); *White v. Hamlin,* 265 Ky. 631, 97 S.W.2d 543 (1936). "Courts are created for the purpose of trying cases rather than questions," as Commissioner Stanley put it. *Lyttle,* at 300.

In *White, Supra,* Appellant appealed from an order denying an injunction to prohibit a local option election because of the unconstitutionality of election laws. After the election was held, the Court dismissed the appeal, quoting two United States Supreme Court opinions:

"A review proceeding will be dismissed where the election has been held, registration for which was sought to be enjoined (*Mills v. Green,* 159 U.S. 651 [16 S.Ct. 132] L.Ed. 293) * * * or where the term of office of a public officer sought to be ousted or enjoined from doing certain acts has expired. * * * (*Tennessee v. Condon,* 189 U.S. 64 [23 S.Ct. 579] 47 L.Ed. 709)." 97 S.W.2d at 544.

Since Appellants' terms have expired, *White* appears determinative of the mootness question.

The trustees sought relief in the Courts to determine whether the six-year appointees could rightfully retain their seats. The Court cannot affect their rights now that their terms have expired. There is no controversy as it pertains to those presently serving out six-year terms. The Governor has not offered to replace them. By the same token, no one has challenged the

validity of the four-year appointments. Obviously, the Court's decision declaring the six-year terms in violation of Section 93 would make those trustees subject to replacement thereby creating a controversy which currently doesn't exist.

Appellants urge the Court to decide the case under the public interest exception to the mootness doctrine set out in *Brown v. Baumer* 301 Ky. 315, 191 S.W.2d 235 (1946). While it is true that the case was transferred to the Supreme Court under CR 76.18(2) which states that such transfer will only be granted upon a showing that it is of "great and immediate public importance," the transfer itself does not insulate the case from becoming moot upon a change of circumstances such as has occurred here. The Court finds the better guideline in *Brown, Supra,* where the Court required a showing of probability of recurrence even in cases involving public interest. No such showing has been made in this case.

We are of the opinion that the appeals should be and are dismissed.

GANT, LAMBERT, LEIBSON, STEPHENSON, VANCE, and WINTERSHEIMER, JJ., sitting.

All concur, except STEPHENSON, J., who would affirm the circuit courts on the merits of the appeals.