## STATE OF INDIANA, EX REL. WILLIAMSON *v.* BOARD OF PRIMARY ELECTION COMMISSIONERS OF MADISON COUNTY.

[No. 23,061. Filed October 13, 1916.]

APPEAL.—*Dismissal.*—*Moot Question.*—Where the question involved in an appeal is the right of the appellant to have his name placed on a primary election ballot and such primary election is held before the appeal is submitted to the Supreme Court, the question presented thereby becomes moot and the appeal will be dismissed.

From Madison Superior Court; *Luther F. Pence,* Judge.

Action by the State of Indiana, on the relation of L. Williamson against the Board of Primary Election Commissioners of Madison County. From a judgment for defendant, the relator appeals. *Appeal dismissed.*

*Paul P. Haynes* and *David A. Meyers,* for appellant.

*Chas. K. Bagot, Walter Vermillion* and *Kittenger & Diven,* for appellees.

Cox, C. J.—The relator, claiming that there was a vacancy in the office of recorder of Madison county which should be filled by election by the electors of the county at the general election to be held November 7, 1916, and desiring to become the nominee of the republican party for that office, filed his declaration of candidacy as provided by law and requested that his name be placed on the official primary election ballot to be voted for as such candidate at the primary election to be held pursuant to law March 7, 1916. When the appellees, the board of primary election commissioners for Madison county, met, for the purpose of preparing the ballots for such election, relator's demand that his name be placed on the ballots as such candidate was given consideration by them and was rejected on the ground that there was doubt of their right to so place his name on the ballot, which doubt was based on a belief that no vacancy existed in such office which could be filled by election at the general election in 1916. Following this action, relator, February 11, 1916, filed his complaint against appellees for mandamus to compel the action of the board in accordance with his demand. Appellees demurred to this complaint on the ground that the facts averred were not sufficient to constitute a cause of action. This demurrer was sustained and, relator refusing to plead further, the trial court, February 19, 1916, rendered judgment that he take nothing and that appellees recover of him their costs. From this judgment relator has appealed and assigned the action of the lower court in sustaining the demurrer to his complaint as error. Appellees have interposed a motion to dismiss the appeal on the ground that the case has become a moot one.

The only relief asked for by the relator in his

complaint was that the lower court should issue its mandate to the board of primary election commissioners to place his name on the official primary election ballot as demanded by him. The time of holding the primary election was fixed on the date named in 1916 by the primary election law. Acts 1915 p. 362. The primary election for 1916 had been held before this appeal was submitted to this court. If therefore the legal questions, on which relator now asks the judgment of this court, were decided favorably to him and the judgment of the lower court reversed, it is manifest that it could not avail him anything in this action. He could in no way be given the relief asked for. The case became a moot one before it was submitted to us for decision. In such case, this court has with great uniformity declined to determine questions of law which have in the particular case become purely academic. *Riley* v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843, and cases there cited.

Appeal dismissed.

NOTE.—Reported in 113 N. E. 754. Moot question, dismissal of appeal, 5 Ann. Cas. 626; Ann. Cas. 1912C 247; 3 Cyc 188; 4 C. J. 577.