## STATE OF INDIANA, EX REL. BRYANT, *v.* JACKSON, SECRETARY OF STATE.

[No. 23,780. Filed November 23, 1922.]

1. APPEAL.— *Review.— Moot Questions.— Dismissal.—* It is the function of the Supreme Court to decide actual controversies by judgment which can be given due effect, and, when it appears that it is impossible to grant any effectual relief, the court will not review the questions litigated below, but will dismiss the appeal. p. 500.

2. APPEAL.— *Review.— Moot Questions.— Dismissal.— Right to Have Name on Primary Ballot.*—Where the question involved on appeal is the right of appellant to have his name placed on a primary election ballot, and such election is held before the appeal is submitted to the Supreme Court, the question presented becomes moot and the appeal will be dismissed. p. 501.

From Marion Superior Court (A8,643) ; *Theophilus J. Moll,* Judge.

Action by the State of Indiana, on the relation of James A. Bryant, against Edward Jackson, Secretary of State. From a judgment for defendant, the relator appeals. *Appeal dismissed.*

*James A. Bryant, Joseph K. Brown, John Browder* and *William L. Henry,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for appellee.

WILLOUGHBY, J.—This was an action for mandate brought by the relator appellant against the appellee to require appellee to certify appellant's name to the clerk of the circuit court of Marion county, State of Indiana, as a candidate for judge of the Marion Superior Court in the primary election to be held May 4, 1920. A demurrer to the complaint was filed and sustained and plaintiff refusing to plead further, judgment was rendered on demurrer, and this appeal was taken.

Appellant's complaint, omitting the caption and signature, is as follows:

"Comes now James A. Bryant as plaintiff in the above entitled cause and complains and says, that Edward Jackson is now and for a long time has been the duly appointed and qualified and acting secretary of state of the State of Indiana, and that the relator has·been a *bona fide* resident in the county of Marion in the State of Indiana since October 9, 1899, and has remained in said county and state continuously ever since said time except for six (6) months in the year 1908, when he went to the State of Oklahoma, and for a period of about twenty-one (21) months, from June 12, 1917, to March 18, 1919, when he was away from this state in the army of the United States, that immediately upon his discharge upon said last named date, he again returned to his home in the State of Indiana and ever since the year 1900, he has been a resident of the State of Indiana and during his entire life has been a citizen of the United States, and in the year 1900, was duly admitted to practice law in Marion county in the State of Indiana, and about the year 1902 was admitted to and did practice law before the Supreme Court of said state, and ever since said time, has practiced law in all of the courts of the State of Indiana.

"That thirty (30) days prior to the date for holding the primary election of 1920, this relator filed with the

secretary of state of the State of Indiana proper, legal and the required declaration of his intentions to become a candidate for the office of judge of the Marion county Superior Court, room three, (3) of said court, upon the Democratic ticket, which office is now vacant; by reason of the death of Judge Ernest Keith, who was duly elected to fill said office. That the relator's declaration so filed is the sole and only declaration that has been filed for said office; that although plaintiff has filed a proper declaration as a candidate for said office, and although the same was filed not more than sixty (60) days prior to, nor less than thirty (30) days prior to said election, and although said notice was in due form as is required by law the defendant, Edward Jackson as secretary of state of the State of Indiana, wrongfully and unlawfully has failed and refused to certify the relator's name to the clerk of the circuit court of Marion county as a candidate for the office of judge of room three (3) of said superior court of Marion county in the State of Indiana.

"That the said Edward Jackson, as the duly qualified and acting secretary of state of the State of Indiana, is the only officer in the State of Indiana that has the power or authority to certify this relator's name to the clerk of the circuit court of Marion county, and that, unless the defendant does certify said name to the clerk of said court, this relator will be unlawfully and wrongfully deprived of his right to be voted for, both as a candidate for the office of judge hereinbefore mentioned at the primary election which is to be held May 4, 1920, and also this relator will be illegally and wrongfully deprived of his right to be voted for as a candidate for said office at the general election which is to be held in November, 1920.

"That this relator has no other remedy at law, by which to enforce his right to have his name certified to

said clerk, and that the only way that this relator can become a candidate upon any ticket that is to be voted for at either of said elections, which is to be held as aforesaid, is to have his name certified to the said clerk as aforesaid.

"Wherefore, relator asks that said Edward Jackson, as the secretary of state of the State of Indiana, be required and compelled to certify relator's name to the clerk of the circuit court of Marion county to be placed upon the ballot to be voted by the Democrats, and under their party emblem of the said Democratic ticket along with all of the candidates that are to be voted for at said primary, and for all other proper relief."

The demurrer alleges that the facts stated in the complaint are not sufficient to constitute a cause of action.

The record in this case shows that the appeal was taken June 2, 1920, and the cause submitted July 2, 1920. From the complaint it appears that a mandate was sought by appellant, requiring appellee to certify relator's name to the clerk of the circuit court of Marion county, Indiana, as a candidate for judge of the Marion Superior Court in the primary election to be held May 4, 1920.

The relief prayed for is, "that the said Edward Jackson, as secretary of state of the State of Indiana, be required and compelled to certify relator's name to the clerk of the circuit court of Marion county, to be placed upon the ballot to be voted for by the Democrats and under their party emblem of the Democratic ticket along with all of the said candidates to be voted for at said primary election."

In case this cause should be decided in favor of relator it could not in any manner benefit him because the time for holding said primary election had passed before this appeal was taken, and any relief granted him would be of no value whatever. It is the

1.

function of this court to decide actual controversies by judgment which can be given due effect, not to give opinions upon moot questions or abstract propositions or to decide principles or rules of law which cannot affect the matters in issue in the cases before them; so that, when it is made to appear to this court that upon reviewing the proceedings of the judgment sought to be reviewed it is impossible for this court to grant any effectual relief, the court will not determine the questions. litigated below, but will dismiss the appeal.

This suit was brought by the relator for the purpose of getting his name placed upon the ballot at the primary election to be held May 4, 1920. It is therefore clear that, were a decision favorable to him rendered and the judgment of the lower court reversed it would not avail him anything in this action.

Where the question involved in an appeal is the right of appellant to have his name placed on a primary election ballot, and such primary election is held before the appeal is submitted to the Supreme Court, the question presented thereby becomes moot, and the appeal will be dismissed. *State, ex rel.* v. *Board of Primary Election Com'rs* (1916), 185 Ind. 238, 113 N. E. 754. See, also, *Kieselbach* v. *Feuer* (1915), 183 Ind. 582, 109 N. E. 842, and cases there cited. *Riley* v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843; *Howard* v. *Happell* (1914), 181 Ind. 165, 103 N. E. 1065; *Meyer* v. *Farmers' State Bank* (1913), 180 Ind. 483, 103 N. E. 97; *Gibson* v. *State* (1912), 178 Ind. 315, 99 N. E. 424.

Appeal dismissed.

Ewbank, J., not participating.