STATE OF INDIANA ON RELATION OF MAKOWSKI
v. GRANDYS ET AL, ETC.

[No. 29,419. Filed January 21, 1957. Rehearing denied February 25, 1957.]

*Theodore M. Gemberling* and *Lowell E. Enslen,* both of Hammond, for appellant.

*Joseph L. Skozen,* of Hammond, for appellees.

ARTERBURN, J.—Appellant-relator, Edmund F. Makowski, brought this action to mandate the Lake County Election Board to place his name on the ballot in the May 8, 1956 Democratic Primary Election as a candidate for the Democratic nominations for the offices of (1) State Representative of Lake County, (2) Senator from Lake County, (3) Congressman First Congressional District, (4) County Coroner Lake County, (5) County Treasurer of Lake County, and (6) County Recorder of Lake County. The appellant also filed and withdrew as a candidate for the office of Joint Representative of Lake and Porter Counties, Judge of the Lake Circuit Court, Judge of the Lake Criminal Court, and Judge of the Lake Juvenile Court. The Lake County Election Board refused to place his name on the ballot for any office. The appellant then commenced his action in the Lake Circuit Court to mandate the Lake County Election Board to place his name on the ballot as a candidate for nomination for each of the six first named offices above. This is an appeal from the judgment from the Lake Circuit Court denying the appellant the relief asked. The question in this appeal is whether at this time the appellant is entitled to have the trial court mandate said election board to place his name on the primary election ballot for all the offices involved in the multiple filings of declarations of candidacy as requested in his complaint.

On April 9, 1956 the appellant filed his action in the Lake Circuit Court. Judgment thereon was rendered on the 10th day of April, 1956. The appellant filed his transcript and assignment of errors in the office of the clerk of this court on the 24th day of April, 1956 along with a petition for shortening the time for appellee to file brief; a request for advancement on the docket; and an early oral argument. On April 30, 1956 this court denied the petition for shortening the time and advancement on the docket under Rule 2-26 of this court, which states this court may advance a case only after it is fully briefed. There is no provision or rule of this court under which it may shorten the time for briefing of one party on the request of an opposing party. This appeal was fully briefed on the 27th day of June, 1956, therefore, it was not ready for submission to this court for consideration until after the primary election.

This court has previously held that when a primary election occurs before the submission of an appeal bearing on such election, the questions on appeal are moot, and the appeal should be dismissed. *Fifield, Secy. of State* v. *State ex rel.* (1930), 202 Ind. 176, 172 N. E. 601; *State ex rel.* v. *Board, etc. Commissioners* (1916), 185 Ind. 238, 113 N. E. 754; *State ex rel.* v. *Jackson, Secretary* (1922), 192 Ind. 497, 137 N. E. 51; *State ex rel. Murchie* v. *Bath* (1949), 227 Ind. 481, 86 N. E. 2d 680.

The appellant contends that the issue here is one of great public concern, and even though there are no personal or property interests now involved in the legal question raised, it should be determined in the public interest. It is impossible for a court to grant any effective relief in this case after the primary election has occurred. We have only an abstract legal question left. The above cases also hold that such

questions are not of such public interest as to warrant this court giving its time and attention in determining purely a hypothetical legal problem. Courts of other states are in harmony with this view. *State ex rel. v. Board* (1946), 146 Ohio St. 556, 67 N. E. 2d 322; *Tyler et al.* v. *Peacock* (1929), 98 Fla. 981, 124 So. 463; *Lyle* v. *McKinlay* (1923), 229 Ill. App. 349; 4 C. J. S., Appeal and Error, §1354, p. 1949; 3 Am. Jur., Appeal and Error, §735, p. 312.

The legislature of this state has not, in the election laws, provided any summary method for a hearing, or for a determination of controversies involving elections. We cannot make a premature determination of such questions until cases are fully briefed, and in condition for our consideration. The legal issues here became moot after the primary election. Therefore, this appeal is dismissed.

Achor, C. J., Emmert, Bobbitt and Landis, JJ. concur.

NOTE.—Reported in 139 N. E. 2d 436.