COMMITTEE FOR PREVAILING WAGE SCALE, ETC. v. ZELLER, ETC.

[No. 20,163. Filed July 8, 1965. Rehearing denied August 19, 1965. Transfer denied March 6, 1967.]

*Thomas M. Moorhead* and *Moorhead & Bordner,* both of Ft. Wayne, for appellants.

*Henry C. Springer,* of Butler, for appellees.

MOTE, J.—This action was brought below wherein the appellants by amended complaint sought a declaratory judgment in pursuance of the provisions of the Acts of 1927, Chapter 81, Sec. 1, p. 208, *et seq.,* as found in Burns' Indiana Statutes Annotated, 1946 Repl., § 3-1101, *et seq.* By the action, appellants sought to implement their asserted rights under the Acts of 1935, Chapter 319, Sec. 1, p. 1535, *et seq.,* Burns' Indiana Statutes Annotated, 1951 Repl., § 53-301, *et seq.,* which concerns the establishment of a prevailing wage scale in the immediate locality for the construction of a public work.

The Metropolitan School District of Butler, DeKalb County, Indiana, desirous of constructing an addition to its elementary school library, initiated the formation of a committee for the purpose of ascertaining the prevailing wage scale as to various classifications of labor in the immediate locality as provided by the Acts of 1935, *supra*. Appellant, Henry C. Rodenbeck, representing labor; appellant Floyd Futrell, representing the Governor of Indiana; and appellee, Ernest M. Zeller, representing industry, were appointed to said committee. This committee met on August 14, 1961, at which time the wage scale submitted by appellant Rodenbeck was approved and signed by him and appellant Futrell, but was not approved and signed by appellee Zeller who, alone, presented and signed a lower wage scale. Both wage scales were filed with the school corporation which, on the 21st day of August, 1961, met, determined, and adopted its own wage scale according to plaintiffs' (appellants') Exhibit No. 1, and the Governor of Indiana was notified thereof as shown by plaintiffs' (appellants') Exhibit No. 4.

The record reveals that the contract for construction was let with the wage scale so adopted and filed as the prevailing wage scale in the construction which fully had been completed at the time of trial.

Appellants contend and allege in their amended complaint, as set forth in certain rhetorical paragraphs thereof as follows:

"12. Plaintiffs, jointly and severally, contend that the determination and adoption of a prevailing wage scale for an immediate locality by two (2) members of said Committee which constitutes a majority vote thereof, is a legal act of said Committee. That it is a valid, legal, and binding determination and adoption of the prevailing wage scale for use in the matter of business before said committee and must be adopted as such by the awarding agency.

13. Defendants, jointly and severally, contend that the determination and adoption of a prevailing wage scale for an immediate locality by two (2) members of said Com-

mittee which constitutes a majority vote thereof, is not a legal act of said Committee because it was not unanimously determined and adopted, and that thereby said Committee, as such, did not make a determination nor adopt a prevailing wage scale for an immediate locality. Further, that thereby said Committee failed to act, and, consequently, pursuant to said Act, said school corporation as the awarding agency, by and through its Board of Education, legally determined and adopted a valid prevailing wage scale for an immediate locality. Defendants further, jointly and severally, contend that without unanimous agreement of the members of said Committee, a valid prevailing wage scale for an immediate locality cannot be legally determined pursuant to said Act.

14. The plaintiffs, jointly and severally, and defendants, jointly and severally, have a substantial interest in having the construction of said Act, to-wit: Acts of 1935, Chap. 319; Burns' Indiana Statutes, 1951 Repl., Sec. 53-301, *et seq.*, determined in this action. Further, it is probable that a controversy in regard to said Act will arise from time to time in the future.

15. That plaintiffs have no adequate remedy at law to resolve the controversy stated herein."

The relief sought is as follows:

"WHEREFORE, plaintiffs pray the Court to render a declaratory judgment determining the requirements of a valid determination of a prevailing wage scale for an immediate locality pursuant to Acts of 1935, Chap. 319; Burns' Indiana Statutes, 1951 Repl., Sec. 53-301 *et seq.*, and the status of the parties in relation thereto."

On June 12, 1962, appellees filed a verified motion to dismiss the action on the grounds that the construction had been completed; that the construction was under the wage scale adopted as above mentioned; that appellants at no time had attempted to bring any action, either legal or equitable, attacking the method of establishing the wage scale followed by the appellee School Board; that no controversy then existed in fixing the wage scale or the construction of the said addition; and that the questions sought to be raised were theoretically moot, and could not be litigated under the above referred to Declaratory Judgments Act.

Appellants filed a motion to strike out the said motion to dismiss and said motion was sustained. Appellees then filed answer, in two paragraphs, the first of which was in pursuance of Rule 1-3 of the Supreme Court of Indiana, and in the second paragraph they alleged in significant part, the following:

"1. That the defendant school corporation, by and through its Board of Education did determine to construct in the City of Butler, DeKalb County, Indiana, an elementary school library and, in conformity to said determination, did advertise for bids and did let a contract for the construction of said building and that said building has been completely constructed and all work in connection therewith fully completed.

2. That any controversy that could have originally existed in reference to the wage scale to be paid by the contractor in connection with the construction of said building, no longer exists and that no actual controversy is now present affecting the legal rights of any of the parties hereto and that the complaint now relates to a mere *theoratical* or moot question and an excursion before this Court for free advise in a case where there exists no present real or actual controversy and that this Court has no jurisdiction over the Declaratory Judgment Act to determine such a *theoratical* or moot question."

Appellants' Reply to the Second Paragraph of Answer was filed under Rule 1-3 with the following prayer for relief:

"WHEREFORE, plaintiffs pray the Court to render a declaratory judgment determining the requirements of a valid determination of a prevailing wage scale for an immediate locality pursuant to Acts of 1935, Chap. 319; Burns' Indiana Statutes, 1951 Repl., Sec. 53-301 *et seq.* and the status of the parties in relation thereto."

The cause was venued from the DeKalb Circuit Court to the Steuben Circuit Court wherein a special judge was selected to try the issues thus formed without the intervention of a jury.

Meanwhile, there was a pre-trial conference and order, and plaintiffs, Robert Lantz, President, Danley Scheibel, Vice

President, individually and as officers and representatives of the members of United Brotherhood of Carpenters and Joiners of America, Local Union 232, AFL-CIO, filed a motion to dismiss this cause of action as to said plaintiffs. The motion was sustained, thus leaving as plaintiffs in the case the appellants herein in the capacities described.

Appellants requested special findings of fact and conclusions of law. The cause was submitted for trial to the Special Judge without the intervention of a jury, at the conclusion of which the court made special findings of facts and stated its conclusions of law with judgment thereon, all as follows:

"The court now finds the following Special Facts and Conclusions of Law to be:

1. That the Acts of 1935, Chapter 319, Burns' Indiana Statutes, 1951 Repl., Sec. 53-301, was a law of the State of Indiana in full force and effect during and throughout the year 1961.

2. Defendant, The Metropolitan School District of Butler, Indiana, was a school corporation duly and legally organized pursuant to the laws of the State of Indiana and is located in DeKalb County, Indiana.

3. Prior to the 14th day of August, 1961, defendant The Metropolitan School District of Butler, Indiana, determined to construct an addition to the Butler Elementary School Library, Butler, Indiana, and that the contract subsequently awarded by said defendant school corporation comes within the scope of Acts of 1935, Chapter 319, Burns' Indiana Statutes, 1951 Repl., Sec. 53-301.

4. Pursuant to Acts of 1935, Chapter 319, Burns' Indiana Statues, 1951 Repl., Sec. 53-301, a committee was set up for the purpose of fixing and determining the classification of labor into skilled, semiskilled, and unskilled categories and the wage per hour to be paid for each such classification in regard to the construction of said addition to the Butler Elementary School Library, Butler, Indiana, prior to advertising for a contract for said construction.

5. On the 14th day of August, 1961, plaintiff, committee member Henry C. Rodenbeck, was a duly appointed, qualified and acting officer of said committee, pursuant to Acts of 1935, Chapter 319, Burns' Indiana Statutes, 1951 Repl., Sec. 53-301.

On the 14th day of August, 1961, plaintiff, committee member Floyd Futrell, an employee of the State of Indiana, was a duly appointed, qualified, and acting officer of said committee, pursuant to Acts of 1935, Chapter 319, Burns' Indiana Statutes, 1951 Repl., Sec. 53-301.

On the 14th day of August, 1961, defendant, committee member Ernest M. Zeller, was a duly appointed, qualified, and acting officer of said committee, pursuant to Acts of 1935, Chapter 319, Burns' Indiana Statutes, 1951 Repl., Sec. 53-301.

6. On the 14th day of August, 1961, said committee met, all appointed members being present, and two of the members signed a wage scale establishing a classification of labor into skilled, semiskilled, and unskilled categories and the wage per hour to be paid for each such classification, and said wage scale so fixed and determined, the same being plaintiffs' Exhibit #2 admitted into evidence, was filed with the defendant The Metropolitan School District of Butler, Indiana, the awarding agency, more than two weeks prior to the date of the letting of the contract for the construction of said addition to the Butler Elementary School Library, Butler, Indiana.

7. On the 21st day of August, 1961, defendant The Metropolitan School District of Butler, Indiana, by and through its officers, proceeded to fix and determine a wage scale classifying labor into skilled, semiskilled, and unskilled categories and the wages to be paid for each such classification, the same being plaintiffs' Exhibit #3 admitted into evidence, which said wage scale had never been submitted to said committee, but which said wage scale was made a part of the specifications for the construction of said addition to the Butler Elementary School Library, Butler, Indiana.

8. A contract was let by defendant The Metropolitan School District of Butler, Indiana, for the construction of said addition to the Butler Elementary School Library, Butler, Indiana, pursuant to specifications which included said wage scale determined by said defendant school corporation, the same being plaintiffs' Exhibit #3 admitted into evidence, and construction was done and completed pursuant to said specifications and said contract.

9. Said wage scale fixed and determined by said committee and filed with defendant The Metropolitan School District of Butler, Indiana, the same being plaintiffs' Exhibit #2 admitted into evidence, was not used in or made a part of the specifications pursuant to which said addition to the

Butler Elementary School Library, Butler, Indiana, was constructed. Labor employed on said construction was paid according to said wage scale fixed and determined by said defendant school corporation, the same being plaintiffs' Exhibit #3 admitted into evidence, and was not paid according to said wage scale fixed and determined by said committee, the same being plaintiffs' Exhibit #2 admitted into evidence."

"Conclusions of Law

1. The question raised in this cause has become moot, since construction of the school building has been completed.

2. That any decision rendered in this cause would not be applicable to any existing rights, since the relief sought is no longer available or of any use to plaintiffs.

3. Any decision rendered in this cause would be purely advisory and a declaration of principles or rules, which would not affect the matter at issue in this case.

4. This is not a proper action for a declaratory judgment."

The judgment was rendered on December 10, 1963, as follows:

"The court having heard the evidence and being sufficiently advised in the premises now finds:

1. That the completion of the school building has made the question raised herein moot.

2. That any decision rendered in this cause could not be applicable to any existing rights, since the relief sought is no longer available or of any use to plaintiffs.

3. Any decision rendered in this cause would be purely advisory and a declaration of principles or rules, which would not affect the matter at issue in this case.

4. This is not a proper action for a declaratory judgment."

[The judgment was rendered on December 10, 1963, as follows:█

"The court having heard the evidence and being sufficiently advised in the premises now finds:

1. That the completion of the school building has made the question raised herein moot.

2. That any decision rendered in this cause could not be applicable to any existing rights, since the relief sought is no longer available or of any use to plaintiffs.

3. That any decision rendered in this cause would be purely advisory and a declaration of principles or rules, which would not affect the matter at issue in this case.

4. That this is not a proper action for a declaratory judgment.]

IT IS NOW THEREFORE CONSIDERED, ADJUDGED AND DECREED by the Court that the plaintiffs are not entitled to a declaratory judgment.

Judgment against plaintiffs for costs, made and taxed at $———————————.''

A Motion for New Trial seasonably was filed and overruled. Said motion contains the following specifications:

"1. The decision of the Court is contrary to law.

2. The Court erred in its conclusion of law no. 1.

3. The Court erred in its conclusion of law no. 2.

4. The Court erred in its conclusion of law no. 3.

5. The Court erred in its conclusion of law no. 4."

It will be noted that the only errors assigned have to do with the overruling of the Motion for New Trial and the conclusions of law, hence, this Court must accept the special findings of fact as true, fully and correctly found, limited only by the issues formed by the pleadings. Where the special findings of fact are not challenged by a motion for new trial, for the purpose of appeal, such facts are admitted as correctly and fully found, if within the said issues. Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, Sec. 1733, Comment 1.

Appellants here urge in summary as follows:

"A.

Appellants sought a declaratory judgment as to Acts of 1935, Chap. 319; Burns' Indiana Statutes, 1951 Repl., Sec. 53-301. The facts in evidence fully support the special

findings of fact which in turn demonstrate that all of the requirements of said statute, have been met by Appellants.

## B.

Appellants assert that Appellees, Ernest M. Zeller and The Metropolitan School District of Butler, Indiana, chose to ignore the findings of the committee established under said statute. That the Board of education of said school corporation, with knowledge and co-operation of the said Ernest M. Zeller, a committee member and Superintendent of Schools, proceeded to determine a wage scale, make same a part of the specifications for the construction of an addition to the Butler Elementary School Library, let a contract pursuant thereto and complete said construction accordingly.

## C.

Appellants assert that a justiciable controversy thereby arose properly subject to a declaratory judgment.

## D.

That the status of the public construction involved is of no moment in regard to mootness of the issue."

Appellants contend under Section A of their argument that all requirements under the Prevailing Wage Scale had been met, and under Section B appellees chose to ignore the action of the majority of the committee in adopting a wage scale, admitted into evidence but not employed by the awarding agency in the specifications adopted by appellees for said construction. This construction admittedly was done and completed pursuant to the said specification and wage scale submitted by appellee Zeller and adopted by said awarding agency.

Under Section C appellants assert that from the issues tendered and the evidence adduced, a justiciable controversy was presented which required favorable action in the trial court under the Declaratory Judgment Act, *supra*.

Section D of appellants' brief attempts to meet and overcome the conclusion of law by the trial court that the matter

in dispute, at the time of trial, was moot for the reasons that the construction was then completed and appellants were not entitled to a favorable judgment under said Declaratory Judgments Act. This also presents the question of justiciability.

The record in this case further reveals that the trial court could have found that the committee's majority and minority reports, neither one of which was accepted by the awarding agency, were not based upon factuality; that is, upon the prevailing wage scale for various labor classifications for the immediate locality of the site of the proposed construction. In any event, it appears that the awarding agency adopted a wage scale generally in excess of appellee Zeller's report and generally below the wage scale prepared by the majority of the committee.

This Court is inclined to the view that the said committee appointed to establish the wage scale for the various classifications of labor failed to execute its duties by not making an investigation of the facts as they then existed and upon which to predicate a determination thereof. Each committee member, in his own way, the evidence indicates, proceeded to act without regard to the other members of the said committee. Appellant Rodenbeck presented at the meeting of the committee a wage scale to which appellant Futrell agreed. There appears to have been no real investigation in the locality and conclusions based upon such investigation to support the majority report. Appellant Zeller did make an investigation, but the awarding agency refused the majority and minority reports as shown by plaintiffs' (appellants') Exhibit 1.

This Court, under all the facts and circumstances shown by the evidence, must conclude that if there previously were any justiciable question, by the time of trial, the construction having been completed, there remained no question to litigate and the previous question, if any, was moot as the trial court decided by conclusion of law No. 1. Although it is not necessary for a decision in this appeal, we

think that conclusions of law Numbers 2, 3 and 4 are well taken.

Professor Edwin Borchard in *"Declaratory Judgments"*, Second Edition, cited by appellant and quoted from page 888, lends credence to this position, as follows:

"* * * It is hardly possible to measure completely the social advantage accruing from the opportunity to secure a conclusive adjudication upon contested official action before rather than after it is undertaken. The conditions of justiciability are naturally demanded, to avoid any question of rendering merely advisory opinions. * * *"

There is ample authority in this and other jurisdictions to support the general proposition that courts are not organized and required to determine hypothetical, moot and non-justiciable questions. In the case before us, there is the added factor as to whether appellants are proper parties, and whether the action should have been brought by the State of Indiana on the relation of proper and interested parties.

The query arises: what interests do appellants have in this proceeding—a proceeding based upon the action of a legal and lawful committee, established for one and only one purpose, which purpose long since has been fulfilled and which, it properly may be said, by its adjournment, lost its being?

The case of *Indiana Alcoholic Beverage Commission* v. *Deets* (1962), 133 Ind. App. 444, 179 N. E. 2d 217, appears to support appellees. In that case this Court said:

"The Declaratory Judgments Act, § 3-1101, *et seq.*, Burns' 1946 Replacement, affords a statutory action predicated upon the provisions thereof and makes essential, as a basis of jurisdiction, that an actual controversy be presented, that is, a justiciable controversy or question, which is clearly defined and affects the *legal* rights, the *legal* statuses, or the *legal* relationships of the parties having adverse legal interests. *Bryarly et al.* v. *State of Indiana et al.* (1953), 232 Ind. 47, 53, 111 N. E. 2d 277. The contest must disclose a substantial present interest in the relief sought in the initiator of the proceeding and must ten-

der facts of a substantial nature which will warrant particular relief by way of a judgment of conclusive character. And the dispute must reflect more than a mere theoretical or moot question or an excursion for free advice where there exists no present existing real or actual controversy, or the ripening seeds of such a controversy. *Zoercher et al.* v. *Agler et al.* (1930), 202 Ind. 214, 221, 172 N. E. 186; *Owen* v. *Fletcher Savings & Trust Building Company* (1934), 99 Ind. App. 365, 373, 374, 189 N. E. 173."

We express the view also that *State ex rel. Cedar Creek School Township* v. *Curtin et al.* (1940), 217 Ind. 190, 26 N. E. 2d 909, and the language therein used is applicable to the case at bar and that it alone would support our decision when applied to the facts herein, namely, that a majority of the committee appointed acted arbitrarily and capriciously as the trial court could have found from the evidence or proper, legitimate and natural inferences therefrom flowing.

Appellants insist that they are entitled to a favorable decision, that is, a reversal of the trial court, because of the importance of the question and to establish a guide for the future. As above indicated, we do not recognize these reasons for deciding cases. There must be a present unresolved controversy between the parties who have a direct and valid interest in the appeal, which are not here present, according to the record.

This Court therefore holds that harmful, prejudicial and reversible error has not been demonstrated, and the judgment is affirmed.

. Bierly, C. J., Hunter and Smith, JJ., concur.

NOTE.—Reported in 208 N. E. 2d 697.