NICK KROCHTA AS AND CONSTITUTING THE CLERK, LAKE COUNTY CIRCUIT COURT ET AL. *v.* STATE OF INDIANA ON THE RELATION OF JULIAN B. ALLEN ET AL.

[No. 3-374A49. Filed February 9, 1978.]

*William J. Muha,* of Highland, *John P. Price, Donald L. Jackson, Grace M. Curry,* of Indianapolis, *Joseph L. Skozen,* of Munster, *Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, for appellants.

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Assistant Attorney General, for respondents, *Douglas M. Grimes,* of Gary, *Thomas V. Barnes,* of Gary, *Alton L. Gill, Jr.,* of Gary, *Hilbert L. Bradley,* of Gary, for relators.

STATON, P.J. — The local officers of Lake County, Indiana (Krochta, et al.), appeal from an Order of Mandate issued by the Lake Superior Court, Room Number Four, compelling them to conduct the 1974 election for the office of County Commissioner pursuant to Senate Enrolled Act 124 (S.E.A. 124)[1] of the 1974 Indiana General Assembly.

S.E.A. 124 was signed into law on February 14, 1974. On the next day, the Commission on County Redistricting, which was created

---

1. Senate Enrolled Act 124 is contained in IC 1971, 17-1-15.6-1 — 17-1-15.6-3 (Burns Code Ed.). It provides in pertinent part that:

"The provisions of this Chapter apply to all counties with a population of not less than Five Hundred Thousand (500,000) and not more than Six Hundred Fifty Thousand (650,000), according to the last preceding Federal Decennial Census.

Beginning with the year 1974 and in subsequent years, the County shall be governed by three (3) county commissioners elected from three (3) single-member districts.

Each district shall contain substantially equal population. For purposes of redistricting, population figures to be used shall be those of the last preceding Federal Decennial Census.

The three (3) districts provided in this Chapter shall be created in the manner set out in this section. (a) The Indiana State Election Board and four (4) members of the General Assembly constitute a Commission on County Redistricting. Two (2) of the members shall be selected, one (1) from each political party, from the Senate by the President Pro Tempore, and two (2) shall be selected, one (1) from each political party, from the House of Representatives by the Speaker.

The Commission shall complete and adopt by majority vote a redistricting plan for those counties to which this Chapter applies by not later than February 15 of the year in which any Commissioner is to be elected."

under the Act, met to consider proposed redistricting plans. The Commission failed to adopt any plan for redistricting as required by the Act and did not thereafter again meet.

This class action was commenced in the name of twelve individuals (Allen, et al.) on behalf of themselves and others similarly situated for the purposes of:

1. Mandating the Commission on County Redistricting to comply with S.E.A. 124 requiring it to redistrict Lake County for the purpose of nomination and election of county commissioners.

2. Mandating the State Election Board, Lake County Election Board, and the Clerk, Lake Circuit Court to conduct the election for Lake County Commissioner in accord with the provisions of S.E.A. 124.

3. Obtaining damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000) to compensate their expenses incurred in bringing this action.

On April 3, 1974, with no county or governmental organizations appearing, this cause was submitted on the following: Allen, et al.'s amended verified complaint, on all issues remaining to be tried, on all pending motions, and on motion of J. J. Forszt, an incumbent Lake County Commissioner, to intervene in his individual capacity as a party respondent and his objection, filed March 25, 1974, to the setting of the cause for trial. Evidence was heard, the court found for Allen, et al. and made the following rulings:

1. All pending motions filed by Krochta, et al. were overruled.

2. The motion to intervene, objection to trial setting, and motion for change of venue from the judge filed by J. J. Forszt in his individual capacity were overruled.

3. The clerk and the County Election Board were ordered to implement the redistricting plan and to conduct the nomination and election of the County Commissioner for the First District of Lake County in accordance with S.E.A. 124.

Krochta, et al. present the following issues for review:

1. Whether the trial court erred in failing to comply with Ind. Rules of Procedure, Trial Rule 23(C)(1) pertaining to class actions.

2. Whether the trial court erred in overruling the Motion to Intervene of J. J. Forszt in his individual capacity.

3. Whether denial of a change of judge was an abuse of discretion.

4. Whether the trial court erred in separating the parties respondent and holding separate trials.

5. Whether the trial court erred in the submission of the cause for trial as to the County Respondents without the issues being closed and while a motion for a continuance was pending.

6. Whether the trial court erred in entering final Order of Mandate against the County Respondents without prior notice.

The State Respondents are not appealing from the judgment against them.

In view of the fact that the disputed election has been held and that the relief sought on appeal will not alter its outcome, this appeal is dismissed as moot.

The principal determination which we must make in our consideration of this appeal is whether or not any form of relief is presently available which will be dispositive of the controversy existing between these parties.

In *State ex rel. Makowski v. Grandys* (1957), 236 Ind. 367, 139 N.E.2d 436, our Supreme Court said:

"This Court has previously held that when a primary election occurs before the submission of an appeal bearing on such election, the questions on appeal are moot, and the appeal should be dismissed. . . ."

236 Ind. 369, 139 N.E.2d at 437. The principal issued in *Makowski* was substantially the same as that in this controversy, i.e., whether this Court will reverse a lower court's determination where absolutely no change in the status quo will result. We cannot make premature determinations of controversies involving elections until such cases are fully briefed, and in condition for our consideration. *Makowski, supra,* 236 Ind. 370, 139 N.E.2d at 437. In the instant case, not only have the Primary and General Elections been

held, but the elected officials have also begun serving in their elected capacities.

Besides the six issues presented for our review as a result of the trial court's actions, Krochta, et al. present additional reasons for urging our review of this case. These may be grouped under three major headings:

1. The implications of S.E.A. 124 are a matter of great public interest;

2. S.E.A. 124 applies to future election rather than being an *ad hoc* statute applicable only to the 1974 election;

3. Questions as to the application of S.E.A. 124 may recur in future elections.

Krochta, et al. then make a belated attempt to dispute the constitutionality of S.E.A. 124.

## I.

### Public Interest

The *Makowski* court considered the impact on the public interest of election issues raised on appeal after the outcome of the particular contest had already been determined:

> "The appellant contends that the issue here is one of great public concern, and even though there are no personal or property interests now involved in the legal question raised, it should be determined in the public interest. It is impossible for a court to grant any effective relief in this case after the primary election has occurred. We have only an abstract legal question left. The above cases also hold that such questions are not of such public interest as to warrant this court giving its time and attention in determining purely a hypothetical legal problem."

236 Ind. 369, 370, 139 N.E.2d at 437.

The post-electoral context in which this appeal has been raised is in all respects the same as that considered in *Makowski*. No

remediable substantive questions remain which are amendable to any relief which this Court is empowered to grant. The hypothetical problem raised by this appeal places it outside the public interest.

## II.

### Futurity and Recurrence

Krochta, et al. attempt to distinguish this case from such as *Makowski* on the grounds that S.E.A. 124 applies to future elections and that questions as to the validity of this Act may recur at such future times.

With reference to the issue of futurity, *Committee for Prevailing Wage Scale v. Zeller* (1965), 140 Ind. App. 478, 208 N.E.2d 697, stated in part that:

> "Appellants insist that they are entitled to a favorable decision, that is, a reversal of the trial court, because of the importance of the question and to establish a guide for the future. As above indicated, we do not recognize these reasons for deciding cases. There must be a *present* unresolved controversy between the parties who have a direct and valid interest in the appeal, which are not here present, according to the record. (Emphasis supplied)."

140 Ind. App. at 490, 208 N.E.2d at 704. As noted previously, the 1974 elections have been held and presumably the elected officials are now serving in their elected capacities. Nothing we can do at this late date can alter this outcome.

In addition, the factor of recurrence must be such as to indicate some measure of certainty. In *State ex rel. Smitherman v. Davis* (1958), 238 Ind. 563, 151 N.E.2d 495, the principle was stated as follows:

> "[B]ecause the same question reoccurs *year after year* . . . the case should be decided on its merits. . . ." (Emphasis supplied).

238 Ind. at 568, 151 N.E.2d at 497. *Compare Gierhart v. State* (1962), 243 Ind. 553, 186 N.E.2d 680.

The State respondents initially failed to act because they questioned whether S.E.A. 124, which took effect February 14, 1974,

and required electoral districts to be drawn by February 15 of an election year, could be implemented in time for the 1974 elections. This is the question at the focal point of the litigation from which Krochta, et al. take their appeal. It is not a recurring certainty that the required electoral districts will not be drawn in time for subsequent elections. Adequate time for such work is available.

### III.

### Constitutionality

At the end of their brief, Krochta, et al. belatedly attempt to interject for the first time an argument that substantial constitutional questions raised by this case require resolution. They note that:

> "The merits of this case are not, of course, before us on this appeal and no useful purpose would be served by fully briefing them. We would like to take a few more paragraphs, however, to point them out, because the result will quite probably be different on a new trial."

Brief of Appellants Krochta, et al. at 102.

Nevertheless, their reply brief states that:

> "The subject matter of this case is not merely the conduct of the 1974 election, but the validity of a new statute which purports to require single-member district elections of County Commissioners in Lake County 'beginning with the year 1974 *and in subsequent years.*' "

Reply brief of Appellants Krochta, et al. at 2.

The question of the constitutionality of S.E.A. 124 was neither raised at trial nor in Krochta, et al.'s motion to correct errors. Furthermore, such a determination is not necessary for the resolution of this controversy. Appellants may not urge for the first time on appeal a proposition of fact which was not presented to the trial court and upon which no evidence was introduced. *Mitchell v. Faltes* (1955), 126 Ind. App. 34, 126 N.E.2d 769.

Krochta, et al. establish no compelling issue of public interest requiring us to decide this appeal. A review of the alleged

procedural errors in the trial of this cause is fruitless. the disputed election has been held and the relief sought on appeal will not alter its outcome.

The appeal is hereby dismissed as moot.

Garrard, J. and Lowdermilk, J. (by designation), concur.

NOTE—Reported at 372 N.E.2d 475.